In the Matter of the Claim of JACK CALEY, Respondent, against THEODORE HOUGHTON, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer from an award of the Workmen's Compensation Board awarding double compensation pursuant to section 14-a of the Workmen's Compensation Law. Claimant was employed as a gasoline station attendant by the employer and was injured in the course of such employment on November 2, 1947. Claimant was then seventeen years of age. The employer did not have on file any employment certificate or work permit as required by section 131 of the Labor Law. No such certificate or permit was issued for this employment or employer until December 3, 1947, which was about a month after the accident. Claimant had obtained a work permit on July 2, 1947, authorizing his employment at "Hermans Pastry Shoppe". Section 14-a of the Workmen's Compensation Law in clear language fixes the time of violation as "the time of the accident". Section 131 of the Labor Law is equally clear that the certificate must authorize "the employer named therein" to employ the child. The board has found that at the time of the accident on November 2, 1947, claimant was employed in violation of the Labor Law. The undisputed evidence sustains the finding. Award unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

In the Matter of the Claim of ARTHUR OLIVEY, Respondent, against SCHINE MALONE CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of compensation. Claimant was employed at a moving picture theatre. Some time in the fall of 1947 he was lifting and piling pails of popcorn seasoning in the cellar of the theatre. He alleged that one of the pails he was lifting slipped and he felt a pain in his left side. After about an hour and a half the pain subsided and he made no report of any accident to his employer. Some four years later, and on the 12th day of March, 1951, he stopped working and was operated on for a left inguinal hernia. Before he entered the hospital he advised his employer as to his condition and his opinion that such condition was the result of the alleged accident in 1947. The employer paid his full wages while he was disabled. Appellants urge here that the award was improper because no claim for compensation was filed within two years after the alleged accident. The statute provides, however, that where an advance payment of compensation is made an employee shall not be barred from compensation for failure to file a claim. (Workmen's Compensation Law, § 28.) The issue here is whether the payment of wages during claimant's disability was an advance payment of compensation. We think the board correctly determined that such payments were advance compensation. The employer asked for reimbursement and the award provides for reimbursement of the full amount of wages paid less the waiting period. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *post*, p. 915.]