■ In the Matter of the Claim of WILLIAM F. CROOK, Respondent, against DE LAVAL SEPARATOR CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a decision and award of the Workmen's Compensation Board. The only question presented on appeal was whether the claim was barred by failure to file within two years of the accident. The claimant had injured his back while lifting some heavy equipment on the job on December 20, 1947. He received no medical attention and continued at work. He reported the injury to his employer shortly thereafter but he did not file a claim for compensation. Thereafter, from time to time he suffered pain from the injury and finally on July 13, 1953, he quit work and underwent surgery for the removal of a herniated disc. As a result, he was totally disabled for a period of 12 weeks, for which period the board made the award appealed from. When he went into the hospital in July, 1953, the claimant informed his employer that his condition was connected with the accident which had occurred nearly six years before. On August 4, 1953, the employer filed his first report of injury. Claimant filed a claim for compensation on September 22, 1953. The employer paid the claimant his full salary for the period of his disability from July 15, 1953 to October 5, 1953. On August 4, 1953, the employer advised the board by letter that it had paid full salary to claimant to date and would continue to do so during his disability and the employer claimed reimbursement for such salary payments from the proceeds of any compensation award. The appellants contend that the salary payments were made in accordance with established company policy and would have been made even if a compensation claim were not involved. However, it appears that the employer made the salary payments with knowledge of the connection between the accident and the disability and its letter of August 4, 1953, established that it made the salary payments in anticipation of reimbursement from the proceeds of the compensation claim. Under the circumstances the board was justified in finding that the salary payments constituted

advance payment of compensation, so that the claim was not barred by failure to file within two years. That the advance payment was not made within two years after the accident does not detract from its effect in overcoming the bar of the statute (*Matter of Olivey* v. *Schine Malone Corp.*, 281 App. Div. 784, motion for leave to appeal denied 305 N. Y. 931; cf. Civ. Prac. Act, § 59). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.