In the Matter of the Claim of Stella Zumbo, Respondent, *v.* Scarsdale Bus Corporation et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, January 10, 1974.

*Stowell, Taylor & Kelly, P. C. (William Taylor* of counsel), for appellants.

*Stanley Tomkiel* for Stella Zumbo, respondent.

*Louis J. Lefkowitz, Attorney-General (Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

REYNOLDS, J. These are appeals by the employer and its insurance carrier from decisions of the Workmen's Compensation Board awarding the claimant benefits for a back injury.

Claimant sustained an accidental injury to her back in January of 1968 while in the course of employment. Although she reported the same to her employer, she did not file her claim until April 20, 1970, more than two years after the injury. On November 6, 1970 the appellants filed a written notice of controversy with the Workmen's Compensation Board raising the question of " no claim filed " as part of the defense. At the first hearing on claimant's claim held on November 16, 1970 the appellants immediately raised the issue of untimeliness. At this point there clearly was no basis to find the claim timely and it was thus barred by section 28 of the Workmen's Compensation Law. However, on December 20, 1970, some eight months after the filing of the claim, the employer, allegedly as an accommodation to a reliable employee, paid a medical bill of the claimant relating to the claimed injury. The board has found this to constitute an advance payment and thus found section 28 not a bar to the claim. We cannot agree. It could not be held to have been an " advance " payment, having been made after the time prescribed in section 28 had already run and also after the filing of the claim which appellants had controverted on the basis of the timeliness of the filing of the claim (3 Larson's Workmen's Compensation Law, § 78.43 [b], pp. 92–94). As Larson states in the above-cited section: " Once the claim has been barred by the passage of time, it will not be revived and a new period will not be set in motion by the furnishing of medical service years after the injury. The objective of the statute being to protect the claimant who reasonably refrains from making claim because of the receipt of benefits voluntarily supplied, no claimant can allege that his failure to make timely application was excused by something that happened after the claim was already barred. Moreover, since the employer was under no obligation to furnish such benefits once the right to them was barred, it cannot be said that he provided them as voluntary compensation payments." *Matter of Hamilton* v. *Village of Lynbrook* (284 N. Y. 613) is not here controlling since there were payments, " in like manner as wages " made " immediately following the accident " and prior to the filing of any claim. *Matter of Crook*

v. *De Laval Separator Co.* (3 A D 2d 773) and *Matter of Olivey* v. *Schine Malone Corp.* (281 App. Div. 784, mot. for lv. to app. den. 305 N. Y. 931) are also inapposite here since in both of those cases the payments were made prior to the filing of the claim and before the question of timeliness was legally disputed.

Accordingly, the claim should have been found to have been barred by section 28 and thus dismissed.

The decisions should be reversed, and the claim dismissed, without costs.

HERLIHY, P. J. (dissenting). It is not disputed that the claimant suffered accidental injuries to her back while in the course of her employment in January of 1968, and reported the same to her employer. In July of 1969 she went to a doctor and on April 20, 1970 filed a claim for compensation. The claim was controverted upon the question of a timely filing of the claim within the two-year period set forth in section 28 of the Workmen's Compensation Law. At the first Referee hearing held on November 16, 1970 no testimony was taken. However, the appellants' counsel expressly raised the issue of an untimely filing of the claim. After that hearing and on December 28, 1970 the employer paid the claimant's doctor for services rendered on July 23, 1969 to the claimant. The board found that that payment constituted an advance payment of compensation and, accordingly, pursuant to the terms of section 28 of the Workmen's Compensation Law the failure to file a claim within two years of the accident was waived. The carrier's contention that, as a matter of law, payment by the employer of medical expenses after two years cannot constitute a waiver is erroneous. (See *Matter of Hamilton* v. *Village of Lynbrook*, 284 N. Y. 613; *Matter of Crook* v. *De Laval Separator Co.*, 3 A D 2d 773 and *Matter of Olivey* v. *Schine Malone Corp.*, 281 App. Div. 784, mot. for lv. to app. den. 305 N. Y. 931.) Upon the present record it is well established that at the time the employer paid the medical bill it was well aware of the claim and the fact that the payment was being made for alleged treatment resulting from the accident of 1968. (Cf. *Matter of Elenz* v. *American Mach. & Foundry*, 34 A D 2d 713.)

The decisions should be affirmed.

GREENBLOTT and SWEENEY, JJ., concur with REYNOLDS, J.; HERLIHY, P. J., and COOKE, J., dissent and vote to affirm in an opinion by HERLIHY, P. J.

Decisions reversed, and claim dismissed, without costs.