■ In the Matter of the Claim of RICHARD HOMAN, Respondent, v GOTHAM BUILDING MAINTENANCE CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeal from a decision of the Workers' Compensation Board, filed April 2, 1985.

The primary issue raised by this appeal is whether the payment of claimant's medical expenses by the State Insurance Fund (the carrier), made more than two years after his accident, constituted a waiver of the two-year limitation period for filing a claim (Workers' Compensation Law § 28). Claimant, a fireman and general maintenance man for Gotham Building Maintenance Corporation (the employer), was

injured in August 1977 while lifting a 55-gallon oil drum. Shortly thereafter, claimant was informed, during a physical examination at his union's health clinic, that he had a right inguinal hernia. The hernia did not significantly interfere with his work until 1982, when its continued growth necessitated surgery. In anticipation of the surgery, claimant filed a claim for workers' compensation benefits in June 1982. The carrier did not controvert the claim and, in September 1983, the surgery was performed. The carrier paid for the operation.

At claimant's hearing in October 1983, the employer and its carrier asserted that since the claim for workers' compensation benefits was filed more than two years after the accident, it was barred by Workers' Compensation Law § 28. The Workers' Compensation Board determined, *inter alia,* that since the carrier had paid for the surgical repair of the hernia, there was an advance payment of compensation and thus the claim was not barred. This appeal ensued.

Upon our reading of *Matter of Hamilton v Village of Lynbrook* (284 NY 613, *affg* 258 App Div 1012), we are constrained to affirm. Generally, a claim for compensation will be barred unless it is made within two years of the accident (Workers' Compensation Law § 28). An advance payment of compensation by the employer or carrier, however, constitutes a waiver of the two-year limitation of the statute *(see,* Workers' Compensation Law § 28; *Matter of Romano v Franklin Gen. Hosp.,* 108 AD2d 971, 972-973). Here, it is undisputed that the carrier paid claimant's medical expenses. The record demonstrates that the employer was aware that claimant's injury was work related. Even though payment of medical expenses was made after the two-year limitation period of Workers' Compensation Law § 28, the Court of Appeals has determined that those advance payments constitute a waiver of the two-year statute *(Matter of Hamilton v Village of Lynbrook, supra; see also, Matter of Crook v De Laval Separator Co.,* 3 AD2d 773-774).

This court's decision in *Matter of Zumbo v Scarsdale Bus Corp.* (43 AD2d 253), relied upon by the employer and its carrier, is not contrary to our holding in this case. In *Zumbo,* the first hearing was held prior to the alleged advance payment and, at that hearing, the issue of timeliness was raised. Since the question of timeliness was raised and in dispute prior to any payment, the payments were held not to constitute a waiver. Here, the payment of claimant's medical expenses occurred prior to the raising of the issue of timeliness and made without any reservation of rights. Hence, the decision of the Board is supported by the facts and the law.

Decision affirmed, with costs to Workers' Compensation Board. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.