In the Matter of the Claim of SARAH KAPLAN, Appellant and Respondent, against KAPLAN KNITTING MILLS, INC., et al., Respondents and Appellants.

THE STATE INDUSTRIAL BOARD, Respondent.

**Workmen's compensation — master and servant — notice of claim — notice of injury and notice of claim need not be separate papers — sufficient when facts of injury are stated with reasonable certainty and it may be reasonably inferred that claim for compensation is being made — notice of election may be given any time before award — sufficient indication of intention to claim compensation — presumption that sufficient notice of claim has been given.**

1. There is nothing in the Workmen's Compensation Law that requires the notice of injury (§ 18) and the claim for compensation (§ 28) to be two separate and distinct papers or that they be phrased in any particular language. They are sufficient when the facts of the injury are stated with reasonable certainty and it is reasonably to be inferred that a claim for compensation is being made. The notice of election to pursue his remedy against a third person (§ 29) has nothing to do with the notice of injury or the claim for compensation and may be given any time before an award is made by the Commission.

2. A notice, therefore, containing all the requirements of a notice of injury under section 18, which was served upon the Industrial Commissioner within one year from the death of a workman, as the result of injuries received in his employment, clearly indicates an intention to claim compensation and is sufficient under section 28 where it provides that the notice of injury is given pursuant to section 18, "without prejudice to the right of the dependents of the said injured employee to elect to sue any third party pursuant to section 29 of the Workmen's Compensation Law, and this notice shall not be deemed an election to take compensation so as to preclude an action against any such third party for injuries resulting in the death of the said employee, reserving also any right to compensation for any deficiency resulting after the termination of such action," and expressly reserving "the right to hereafter elect whether to take compensation for said injuries or to sue any third party by reason of the occurrence above mentioned, or both."

3. In any event the law presumes, in the absence of substantial evidence to the contrary, that a sufficient notice of claim has been given (§ 21) and there is no substantial evidence in this case to show that the paper served on the Commissioner was not a sufficient notice of a claim for compensation in some form.

*Matter of Kaplan* v. *Kaplan Knitting Mills*, 221 App. Div. 484, reversed.

(Argued February 14, 1928; decided April 3, 1928.)

CROSS-APPEALS, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 3, 1927, which affirmed so much of a determination of the State Industrial Board as dismissed the claim of the widow of a workman killed in the course of his employment because notice of claim was not filed within one year from his death but reversed as to an infant child and remitted his claim to the State Industrial Board on the ground that time did not run against him until a guardian was appointed.

*Edwin L. Garvin*, *Wallace T. Stock* and *Samuel Weiss* for claimant, appellant and respondent. The notice of injury and death, dated March 20, 1923, concededly filed within one year from the date of the death of the deceased, constitutes a good and valid claim for compensation. (*Matter of Petrie*, 165 App. Div. 561; 215 N. Y. 335; *Smith* v. *Price*, 168 App. Div. 421; *Rheimwald* v. *Builders' Brick & Supply Co.*, 168 App. Div. 425; *Royal Indemnity Co.* v. *White Engineering Corp.*, 120 Misc. Rep. 332; 208 App. Div. 759; *O'Esau* v. *Bliss Co.*, 224 N. Y. 701; *Giamelli* v. *Rahtz*, 209 App. Div. 720; *Miller* v. *Nat. Roofing Co.*, 215 N. Y. Supp. 547; *Matter of Simon* v. *American Express Co.*, 244 N. Y. 650.)

*James J. Mahoney* and *George J. Stacy* for defendants, respondents and appellants. Death benefits to Sarah

Kaplan, widow of Samuel Kaplan, under the Workmen's Compensation Law, are barred by reason of the failure to file a claim therefor within one year after the death. (*Matter of Twonko* v. *Rome B. C. Co.*, 224 N. Y. 263; *Beagle* v. *Groff*, 198 App. Div. 453; *Giamelli* v. *Rahtz*, 209 App. Div. 720; *O'Esau* v. *Bliss Co.*, 188 App. Div. 385.)

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for State Industrial Board, respondent.

CRANE, J.    The Workmen's Compensation Law (Cons. Laws, ch. 67), in section 18, provides that notice of an injury for which compensation is payable shall be given to the Commissioner and to the employer within thirty days after the accident causing such injury, and notice of death, in case of death, within thirty days after death. The notice shall be given by any person claiming to be entitled to compensation, or by someone in his behalf. Whenever, therefore, notice of an injury or death is received, it is given by or in the name of a person claiming to be entitled to compensation. The notice is to be in writing, contain the name and address of the employee, and the nature, time, place and cause of the injury; in other words, the notice of injury is to contain a brief statement of the facts.

Section 28 provides for the filing of a claim for compensation with the Commissioner. It states that the right to claim compensation shall be barred unless within one year after the accident or death, a claim for compensation shall be filed with the Commissioner. Unlike the notice of injury, it need not be filed with the employer, only with the Commissioner. The claim, furthermore, need contain none of the facts required to be stated in the notice of injury. It is sufficient if the case be identified by designation or description reasonably certain, and a claim made for compensation.

There is no reason that I know of why the notice of injury served upon the Commissioner may not also contain a claim for compensation. There is nothing in the law that requires them to be two separate and distinct papers, or that they shall be phrased in any particular language. The Workmen's Compensation Law was particularly framed to avoid legal terminology and the technicalities of law pleading. It was intended that the working people themselves could make and file these claims and give the notice of injury. The cost and expense of employing attorneys were to be avoided if possible. The act was for the benefit of the workingman and his family, not for the profession. The notice, therefore, of injury and the claim for compensation are sufficient when the facts of the injury are stated with reasonable certainty, and it is also reasonably to be inferred that a claim for compensation is being made. In *Matter of Petrie* (215 N. Y. 335) this court said: " The statute was the expression of what was regarded by the Legislature as a wise public policy concerning injured employees. Under such circumstances we think that it is to be interpreted with fair liberality, to the end of securing the benefits which it was intended to accomplish."

The technical rules of evidence and procedure are not required to be followed by the Commissioner in making an investigation. (Sect. 118.)

There is another notice which the claimant may, and in some cases must give, which has nothing whatever to do with his notice of injury or the claim specified in section 28. It is his notice of election to pursue his remedy against a third party. Section 29 reads: " If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, shall, before any suit or any award under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such

other.    Such elections shall be evidenced in such manner as the commission may by rule or regulation prescribe." If the election is made to proceed against the third party, the State insurance fund or insurance carrier shall contribute only the deficiency between the amount of the recovery and the compensation provided under the Workmen's Compensation Law.    Section 29 provides no definite time limit, as do sections 18 and 28.    Section 18 gives thirty days after the accident or death; section 28 provides one year after the accident or death; not so, section 29.    The notice of election there required may be given any time before an award is made by the Commission. The election may be made, provided a claim has been filed, long after the year for filing the claim has expired. There is no connection between the claim and the election; they are two separate and distinct things.    A notice or paper served upon the Commissioner by the person claiming to be entitled to compensation that she was going to sue a third party, and claimed compensation for the deficiency only, would be a sufficient claim within the meaning of section 28 of this law.    Or, the alleged claimant may serve notice of claim and reserve the right to elect to sue the third party any time before an award is made.    This would be simply stating what the law itself says she may do.    (Section 29.)    The blank form used by the Commissioner in cases of claims for compensation by widows in death cases merely states: " I hereby make claim for compensation arising out of the death of * * *."    This in itself clearly indicates that the Commissioner understood that an election under section 29 is not made, or necessarily made at the time the claim is filed.    The forms supplied by the Commissioner contain no such election.    The State Industrial Commission furthermore has ruled that it is not necessary to use this printed form of claim.    (Opinion, 14 State Dept. Rep. 710.)

With this understanding of the Workmen's Compensa-

tion Law, let us apply it to this case and determine whether the widow of Samuel Kaplan made a claim for compensation within the meaning of section 28.. It all depends upon how we construe the notice served March 20, 1923, reading as follows:

" SIRS.— NOTICE IS HEREBY GIVEN you that Samuel Kaplan, an employee of Kaplan Knitting Mills, Inc. of No. 97–101 Broadway, in the Borough of Brooklyn, City of New York, sustained certain injuries resulting in death, while in the employ of said Kaplan Knitting Mills, Inc.

" The name of the employee so injured is Samuel Kaplan.

" The address of the employee during his lifetime was 66 South Ninth Street, in the Borough of Brooklyn, City of New York.

" The date when the accident occurred was February 24th, 1923.

" The place of the accident was at No. 97–101 Broadway, in the Borough of Brooklyn, City of New York.

" The nature and cause of the injury was as follows: The deceased employee was crushed by the elevator in the said building aforesaid, sustaining, among other things, a broken spine and fractured skull, which resulted in his death.

" The death occurred on February 24th, 1923.

" This notice of injury is given you pursuant to Section 18 of the Workmen's Compensation Law, but same is given without prejudice to the right of the dependents of the said injured employee to elect to sue any third party pursuant to Section 29 of the Workmen's Compensation Law, and this notice shall not be deemed an election to take compensation so as to preclude an action against any such third party for injuries resulting in the death of the said employee, reserving also any right to compensation for any deficiency resulting after the termination of such action.

" The dependents of the said employee expressly reserve the right to hereafter elect whether to take compensation for said injuries or to sue any third party by reason of the occurrence above mentioned, or both.

" Dated, New York, *March 20th*, 1923.

                    " Yours, etc.,

            " SARAH KAPLAN, *widow*

            " EUGENE KAPLAN, *child of the deceased*
                                        *employee.*

                " By Freudenberg & Mattuck,
                                        "*Attorneys.*"

This notice was served within the year. It contains all the requirements of a notice of injury under section 18. Can it also be reasonably inferred from its statements that the claimant was telling the Commissioner that she was making some claim for compensation under the Workmen's Compensation Law? She states that this notice is given without prejudice to the election to sue a third party pursuant to section 29 of the Workmen's Compensation Law. The election provided by section 29, as we have seen, presupposes a claim for compensation, for the election is merely a choice between a full award or a deficiency award. Here the claimant by this notice says that she reserves the right to make the choice between these two, indicating that she claims one or the other, that is, compensation in some form. She goes on to state: " This notice shall not be deemed an election to take compensation so as to preclude an action against any such third party for injuries resulting in the death of the said employee, reserving also any right to compensation for any deficiency resulting after the termination of such action." What does this mean? What was the claimant trying to reserve? Not her claim for compensation, but her election. She clearly intimates that she is claiming compensation, otherwise all reference to section 29 would be useless. What she is trying to

reserve is her right to make the election so that in making this claim or supposed claim for compensation she shall not be deemed to have chosen the full award instead of the deficiency award. She does not reserve the right to claim compensation later on, rather she reserves "*also any right* to compensation for any deficiency." The deficiency compensation is given by section 29, and by this notice she clearly claims it. She reserves the right to have that compensation after she brings suit, if she so elects, against the third party. To me it is quite evident that this widow was claiming the benefits of the Workmen's Compensation Law. The benefits are compensation. She was claiming compensation, either as a full award or as a deficiency award. The election, as we have seen from the wording of the statute, does not have to be made within the year, but may be made after a claim filed any time before an award. (See, also, decision in *Matter of Ridout* v. *Rogers & Hagerty*, 224 N. Y. 711.)

This notice could have been drawn in much better form, and the widow's claim presented in much clearer language. She might have adopted the form of the Commissioner which says very tersely: " I claim compensation." There is no fatality, however, in failing to use these forms. Any notice which conveys to the Commissioner that the widow is claiming the compensation and benefits of the Workmen's Compensation Law is sufficient. I think this notice clearly indicates such an intention. In fact, the law presumes that a sufficient notice of claim has been given. Such is the liberality with which this law is to be construed. Section 21 provides: " In any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed in the absence of substantial evidence to the contrary * * * that sufficient notice thereof was given." Where is the *substantial* evidence in this case to show that this letter or paper of March 20, 1923, was not

a sufficient notice of a claim for compensation in some form?

For these reasons the order of the Appellate Division affirming the State Industrial Board denying compensation to the claimant Sarah Kaplan should be reversed, with costs in the Appellate Division and in this court, and the proceeding remitted to the State Industrial Board for rehearing, and the appeal from the order of the Appellate Division in the matter of the claim of the infant Eugene Kaplan should be dismissed, with costs, on the ground that under our decision in the matter of claim of Sarah Kaplan the questions certified are not decisive of the controversy.

Cardozo, Ch. J., Pound, Andrews and Kellogg, JJ., concur; Lehman and O'Brien, JJ., dissent.

Ordered accordingly.