MEMORANDUM
COX, J.
This suit is for injunction to set aside the action of the United States Employees’ Compensation Commission denying compensation to plaintiff on the ground that his claim was *176 not filed with the Commission within one year from the date of injury.
The Deputy Commissioner and the insurance carrier both have moved to dismiss the bill on the ground that the ruling of the Commission is correct in law.
There is no dispute as to the facts, as appears from the transcript of testimony and the Commission’s findings, which are attached to the bill as exhibits. The plaintiff was an employee of the United States Fireproofing Company; was injured December 8, 1932, duly notified his employer and the insurance carrier of the injury within thirty days, was sent to the employer’s physician who advised him that he had sustained a rupture but would not be troubled with it; and thereafter, went to Chicago where he became incapacitated and was compelled to have an operation on June 21, 1933. On returning to the District, he went to the office of the Commission, and explained the case and his desire to have compensation for the period of disability and to be reimbursed for his medical and hospital bills. No settlement being effected, plaintiff employed counsel who, on November 20, 1933, wrote a letter to the Deputy Commission, copy of which is attached to the bill as Exhibit C. This letter gave the name and address of the claimant; stated the employment of the writer as attorney to present claim for reimbursement for medical and hospital expenses and for compensation, the nature of the injury, the names of the employer and the insurance carrier, the date and necessity for the operation, and the period for which compensation is claimed; and
It is alleged in the bill that, “The record shows that plaintiff was not requested to file a claim on Form 303 until December 15, 1933, and that prior to that date the claim had been investigated by the carrier and additional information was not requested by it.” Form 303, which was filled out and filed December 20, 1933, appears to be a form supplied by the Commission, containing the following note: “To be filed with *177 the Deputy Commissioner in accordance with sections 13 and 19 of the Longshoremen’s Act.” No regulation adopting or prescribing such form is set out and nothing on the form indicates that it is required to be used exclusively.
The Deputy Commissioner considered the letter of November 20, 1933, insufficient to constitute a filing of the claim, and found that the claimant “filed formal claim on a form prescribed by the Commission on December 20, 1933, which is more than one year after the date of the injury,” and accordingly rejected the claim for compensation.
The question now presented for decision is whether the letter of November 20, 1933, which was received and filed, was sufficient to confer authority to proceed with the claim.
It appears from the provisions of the Act, and has been uniformly held with respect to similar acts, that formal technical procedure is not contemplated. The Act is for the benefit of the working man and his family. In most cases settlements are made without formal claims; but it was intended, when such claims are necessary, that the working people themselves may make and file them with the Commission. Such statutes are to be interpreted with liberality, “to the end of securing the benefits which it was intended to accomplish”; and the claim for compensation has been considered sufficient, “when the facts of the injury are stated with reasonable certainty, and it is also reasonably to be inferred that a claim for compensation is being made.” Kaplan vs. Kaplan Knitting Mills, 248 N. Y. 10, 13.
Referring to the informal notice of claim given by counsel in the case last cited, the court said:
“This notice could have been drawn in much better form, and the widow’s claim presented in much clearer language. She might have adopted the form of the Commissioner which says very tersely: ‘I claim compensation.’ There is no fatality, however, in failing to use these forms. Any notice which conveys to the Commissioner that the widow is claiming the corn *178 pensation and benefits of the Workmen’s Compensation Law is sufficient. I think this notice clearly indicates such an intention.” (P. 17.)
The letter of November 20, 1933, from claimant’s counsel to the Deputy Commissioner, seems clearly sufficient to give jurisdiction to go forward with the case. The Commission’s blank form which was filled out and filed on December 20, 1933, merely supplied an amended and more complete statement of the claim. Palle vs. Ind. Commission of Utah, 7 Pac. (2nd) 284.
It is thought that no one can be prejudiced in any way by treating the letter of November 20, 1933,' as a claim for compensation under section 13 of the Compensation Act.
The motions to dismiss the bill are accordingly denied.