MEMORANDUM
COX, J.
The bill for injunction against the enforcement of an award of the United States Employees’ Compensation Commission sets out as grounds for relief sought that — (a) the *171 claim on which the award was made had been previously rejected by the Commission after hearing thereon and the Commission was without jurisdiction subsequently to make the award; and (b) the purported findings of fact on which the award is based are contrary to the evidence presented to the Commissioner and are not supported by competent evidence.
The defendants have moved to dismiss the bill.
The following appears from the bill and exhibits:
The defendant Erickson, an employee of George Peterson, Inc., whose liability was insured by the Aetna Life Insurance Company, was injured December 5, 1932. He was treated by a physician representing the employer and was permitted to return to light work on March 13, 1933. Liability for compensation was admitted for the period from December 7, 1932, to March 13, 1933, and paid without award.
The insurer denied liability for further payment on the ground that the subsequent disability of the claimant was caused by venereal disease and was unrelated to the injury. On the issue thus presented, the claim came on for formal hearing on May 11, 1933, at which the insurer offered medical evidence to show that disability after March 13, 1933, resulted from the disease and not from the injury. The plaintiff was not represented by counsel. He was unaware of the venereal condition or the alleged effect thereof and was apparently surprised by the testimony offered. At a hearing on June 23, 1933; designated by the Deputy Commissioner as a “continued hearing,” the claimant was permitted to produce medical testimony; and at a “further hearing,” on November 29, 1933, after plaintiff had been treated for the disease, additional evidence was produced on his behalf. On the second and third hearings claimant was represented by counsel.
At the conclusion of the hearing on May 11, 1933, the Deputy Commissioner notified claimant by letter that the medical evidence offered established that the disability subsequent to March 13, 1933, is not the result of the injury of December 5, 1932, but due to a condition entirely unrelated to the injury; and that in view of the evidence it would be impossible to order the insurance company to pay any further compensation or furnish further medical treatment. The bill *172 alleges the letter was filed in the office of the Commissioner (copies being sent to all the parties) and constituted an order duly rejecting the claim, became “effective as such, was not suspended or set aside, and after thirty days became a final order in the case.”
At the opening of the second hearing, on June 23, 1933, the Deputy Commissioner stated that at the conclusion of the first hearing claimant was dissatisfied with the evidence as to his physical condition and requested the privilege of having a further medical report submitted, and as the result of an examination applied for the right to submit further evidence with respect to the claim; and that in view of the findings of said examination, it seemed warranted that further testimony be taken before reaching a final conclusion. Immediately after this hearing plaintiff began anti-syphilitic treatment at Gallinger Hospital.
At the opening of the third hearing, on November 29, 1933, the Deputy Commissioner announced that claimant had presented reports of treatment tending to show that although the activity of the disease had subsided, claimant’s disability still continued; and that the third hearing had been granted to determine whether his then present condition was related or unrelated to his injury.
At the beginning of the hearings on June 23, 1933, and November 29, 1933, the insurer by proper motion and objection alleged the rejection of the claim by the Commission on May 11, 1933, insisting on June 23, 1933, that any evidence received should- be confined solely to that “bearing upon a change in conditions other than those prevailing on May 11, 1933” (bill, p. 16, 17), and insisting on November 29, 1933, that the case be dismissed, on the ground that the award in the form of the letter of May 11, 1933, is formal and final and no steps had been taken to obtain a rehearing on the ground of change of condition. (Bill, p. 21.)
The findings (Exhibit D), made after the third hearing, state that while the letter of May 11, 1933, was based upon medical evidence before the Deputy Commissioner at the time, the “purpose of the letter was to induce the claimant to have an examination, and, if necessary, medical treatment to cure” his disease, and “that the medical evidence now reveals that the claimant’s condition is entirely the result of his injury and not the result of the syphilitic infection.”
*173 As to the objection (b) that the award based on the findings of fact is without evidence to support it, the courts have consistently refused to disturb such findings unless unsupported by any evidence and for that reason “not in accordance with law.” Voehl vs. Indemnity Ins. Co., 288 U. S. 162, 166; New Amsterdam Casualty Co. vs. Hoage, 62 Fed. (2d) 468; Crowell vs. Benson, 285 U. S. 22, 46, 47. It is thought no useful purpose would be served by reviewing in this memorandum the highly technical evidence before the Commissioner, fully set out in the bill and exhibits. It has been examined however and seems amply sufficient to support the findings of the Commissioner. See particularly the testimony of Doctor Schneider at the hearing of November 29, 1933. (Exhibit C, pp. 27, 30, 33, 42, 43, 44, 48, 51.)
The more serious question, presented by the first objection (a), is whether the Commission had jurisdiction to proceed in the case after the close of the first hearing and the sending out of the letter of May 11, 1933.
The broad power of the Commission, even with respect to final and formal compensation orders, under Section 22, read in connection with Section 19 (d), was apparently recognized by the insurer in the objections made at the second and third hearings. The letter of May 11, 1933, however, is not in the usual and prescribed form for the final action of the Commission, as appears from comparing it with the findings of fact and award thereon set out as Exhibit D. And the letter was not intended as a final and formal action. The findings state the letter was written, not as a final determination of the case, but to induce the plaintiff to undergo examination and receive treatment if necessary. There was no announcement at the first hearing that the case was closed, the stenographer’s note being, “Thereupon the instant hearing was concluded.” It may be noted also that Doctor Talbot, the last witness, in answer to questions, made the following statements in concluding his testimony:
*174 “I think the injury was probably a transitory thing, probably disabling him for a . . . week, possibly. I think now that whatever disability he has is definitely due to his general condition ... I should say by all means he should have some form of anti-leutic treatment ... I should think that would be the first thing to attempt to do; to determine whether it would clear up or not. I do not know, of course. I think probably it would.” (Exhibit A, p. 75.)
The claimant was a man who required an interpreter in giving much of his testimony. He was not represented by counsel, and relied upon the Commission to protect his interests.
In the light of these conditions, when it was made to appear after examination and treatment of the claimant, that the original theory of the doctors employed by the insurer was probably erroneous, the continued investigation and hearing by the Deputy Commissioner would seem to have been reasonable and appropriate, if permissible under the law.
The purpose of the Act must be kept in mind, viz., to supply the injured workman with a substitute for wages during the whole or at least part of the period of disability, or, to “place the burden of the casualties (of the business) upon the business and not upon the unfortunate employee.” Hoage vs. Employers’ Liability Assurance Corporation, 62 Fed. (2d) 715, 17, 18. The law was framed to avoid technicalities, and technical rules of procedure are not required or expected to be followed by the Commission in making an investigation. Section 19-2,3; Kaplan vs. Kaplan Knitting Mills, 248 N. Y. 10; Surace vs. Danna, 248 N. Y. 18, 20. While it may well be that the Commission cannot properly keep a claim open indefinitely for the purpose of further and additional hearings thereon, in this case the final hearing was held within less than one year after the happening of the injury, the period allowed employees under Section 13 for filing claims.
There would seem no good reason to hold that investigation by the Commission may not be continued for such rea *175 sonable time and in such reasonable manner as may be deemed advisable to enable proper final and formal disposition of the case to be made. The series of related and continued hearings are considered to constitute the hearing contemplated by the Compensation Act, and the letter of May 11, 1933, not to be a bar to the subsequent proceedings.
The motion to dismiss the bill is accordingly sustained.