■ In the Matter of the Claim of RALPH A. GANS, Respondent, v. ACTIVE EQUIPMENT SUPPLY, INC., et al., Appellants.   WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.*   Appeal from a decision of the Workmen's Compensation Board which awarded benefits to respondent employee, who was the president and manager of the corporate employer; appellants (1) invoking section 28 of the Workmen's Compensation Law whereby the "right to claim compensation * * * shall be barred * * * unless within two years after the accident * * * a claim for compensation shall be filed with the chairman" and (2) asserting that the requirement of the statute was not met by the filing of an employer's report of injury (the form C-2), which was, of course, purely a report and made no "claim for compensation".   The award was predicated solely on the board's finding "in the present circumstances,

and in the interests of justice, that the filing of the C-2 by the employer who was also the claimant, was a proper filing of a claim for compensation." Legally, of course, the board erred in finding that the employer was "also the claimant" and factually there was no showing that he was even the beneficial owner of the business, the record indicating merely that he and his mother-in-law owned the stock of the corporation, their respective interests not appearing. The board's conclusion was that which had been previously expressed by the Referee, who at one time observed, "We have to pierce the corporate veil. The man happens to be the employer." It goes without saying and without necessity for elaboration that a report of injury and a notice of claim perform different, though equally important, functions. In this case, the report of injury made no claim and none was "reasonably to be inferred" therefrom. (*Matter of Kaplan* v. *Kaplan Knitting Mills*, 248 N. Y. 10, 13.) Such an inference was not, in any event, the theory of the decision; and although the board's brief on this appeal suggests "that a *potential* claim for compensation benefits existed" (emphasis supplied), that would be the case in most, if not indeed in all cases and would then vitiate the separate requirements and distinctions fixed by the Legislature in prescribing reports of injury and claims for compensation. The first express indication that a claim was asserted came in a letter to the board more than three years after the accident. It being clear, even under the board's decision, that the claim would have been barred in the ordinary case of an employee having no proprietary interest in the employer corporation, no basis for a different rule in the case of an officer and stockholder appears, either in reason or authority. The expressed concept of "piercing the corporate veil", sometimes invoked as a rather selective equitable remedy against fraud, does not denote as pat and easy a solution as might superficially appear and upon this record seems inapropos (see *Matter of Orda* v. *State Tax Comm.*, 25 A D 2d 332, 334, affd. 19 N Y 2d 636; *Guptill Holding Corp.* v. *State of New York*, 23 A D 2d 434, 435, mot. for lv. to app. den. 16 N Y 2d 484; *Matter of Daisernia* v. *Co-operative G. L. F. Holding Corp.*, 26 A D 2d 594, 595). Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum Per Curiam.