In the Matter of the Claim of SAM SILVER, Respondent, v. IRVING COHEN AND SON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. —

GABRIELLI, J. Appeal by the employer and its carrier from decisions of the Workmen's Compensation Board filed April 17, 1967 and October 31, 1967. The sole issue on this appeal is the timeliness of the filing of a claim for compensation pursuant to the provisions of section 28 of the Workmen's Compensation Law. The essential facts are not in dispute. On May 3, 1963 claimant sustained an injury requiring medical treatment which was followed by surgery. On June 26, 1963 claimant's physician filed a report of injury with the Workmen's Compensation Board, with a copy being served on the employer's insurance carrier. On July 23, 1963 the employer filed a report of injury with the Workmen's Compensation Board in which it stated, among other things, that it had provided medical treatment for the injuries sustained on May 3. Thereafter and on August 1, 1963 the carrier filed a notice of controversy on the questions of accident, notice and causal relationship, in which is acknowledged receipt of notice of the injury on July 30, 1963. The record shows that when the board received the notice of injury it assigned a number to the claim, as did the carrier. Additionally, it appears that the carrier had the claimant examined by its own physician August 13, 1963. Two hearings were held by the Referee in September and one in October, 1963, at which time the employer and carrier were represented and on the last hearing, because of the claimant's absence, the case was closed. It was reopened and restored to the Referee Calendar on June 16, 1966. Although the bar of section 28 applies unless a claim has been filed, the statute does not require any particular person to file the claim and the voluntary litigation of other issues with full knowledge of the manner of filing could be construed by the board as a voluntary waiver of any technical requirements. (*Matter of Daniels* v. *Costick & Son*, 4 A D 2d 896.) Appellants' reliance on *Matter of Gans* v. *Active Equip. Supply* (27 A D 2d 788) is unavailing for in that case the only activity was the filing of a C-2 and wherein we held that the report made no claim and "none was reasonably to be inferred". Here, however, the factual situation clearly shows that reports were filed with both the board and carrier who each indexed the reports as a compensation case, medical treatment was afforded by the employer, the claimant was examined by the carrier's doctor, a notice of controversy was filed by the carrier and there followed three hearings, all having taken place within six months of the injury. Under the circumstances here presented, the board's determination that a claim was timely filed was a factual determination and there was substantial evidence to sustain its finding. (*Matter of Almeida* v. *Cristina Roofing Corp.*, 23 A D 2d 602, mot. for lv. to app. den. 15 N Y 2d 486.) Decisions affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.