■ In the Matter of the Claim of CONNIE L. BOONE, Respondent, v BENJAMIN RIGAUD, Doing Business as REST SEEKERS INN, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Crew III, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed July 18, 1989 and June 28, 1990, which ruled that claimant filed a timely claim for workers' compensation benefits.

On October 4, 1982 claimant, who worked as a barmaid for Rest Seekers Inn, injured her lower back while lifting a case of beer onto the bar. While claimant continued to work after the injury, the constant heavy lifting involved in her work caused her back condition to worsen and, by the summer of 1984, she was compelled to take six weeks off from her work in an attempt to heal her back. Although she had been receiving treatment from a chiropractor continually since October 1982, claimant had not filed for workers' compensation benefits because she was under the impression that she was not entitled thereto unless she lost time from work. In the summer of 1984, purely by happenstance, she was asked by an attorney who was representing her on an unrelated matter whether she was receiving workers' compensation benefits. When she told the attorney that she was not, he explained that she had two years from the date of her injury to file a claim and suggested that she do so. In an effort to file a claim, she asked her employer for the "form to fill out when you are hurt on the job" and was given a C-2 form, which she completed and had her employer sign. She then sent the C-2 report to the Workers' Compensation Board. At about the same time, she advised her chiropractor of her accident. He immediately filed a C-4 report which provided, *inter alia,* that "[a]lthough [claimant] realized she was injured on the job and reported it to her employer she felt that she was not entitled to [Workers' Compensation] benefits unless she lost time from work. She did lose time 5/17/84—7/7/84 and did inform this office 9/14/84." That report was received and filed by the Board on October 1, 1984. A C-3 form was never completed and filed by or on behalf of claimant and, at the first hearing on the claim on November 26, 1984, the employer invoked Workers' Compensation Law § 28. The Board found in claimant's favor and this appeal ensued.

The failure to file a C-3 form does not necessarily preclude claimant from entitlement to workers' compensation benefits. The question to be resolved is whether either of the forms filed with the Board were sufficient to provide it with the facts of the injury and from which it might be reasonably inferred that a claim for compensation was being made *(see, Matter of Kaplan v Kaplan Knitting Mills,* 248 NY 10, 13). The fact that claimant intended to make a claim for compensation when filing the C-2 form is not sufficient to satisfy the requirements of the Workers' Compensation Law. That report made no claim and none was reasonably to be inferred therefrom *(see, Matter of Gans v Active Equip. Supply,* 27 AD2d 788, 789). However, the same cannot be said of the C-4 report filed by claimant's chiropractor. The statement contained therein, that claimant believed that she was not entitled to benefits unless she lost time from work and that she did indeed lose time from work, may be reasonably inferred to be a claim on her behalf for workers' compensation benefits, and the fact that such claim is made in the attending doctor's report is no bar to her recovery.

As was stated in *Matter of Kaplan v Kaplan Knitting Mills (supra,* at 13): "There is no reason that I know of why the notice of injury served upon the Commissioner may not also contain a claim for compensation. There is nothing in the law that requires them to be two separate and distinct papers, or that they shall be phrased in any particular language. The Work[ers'] Compensation Law was particularly framed to avoid legal terminology and the technicalities of law pleading. * * * The act was for the benefit of the work[er] and his family * * *. The notice, therefore, of injury and the claim for compensation are sufficient when the facts of the injury are stated with reasonable certainty, and it is also reasonably to be inferred that a claim for compensation is being made".

In the case at bar, the C-2 form provided notice of the facts of the injury with reasonable certainty and the C-4 form provided information from which a claim for compensation may be reasonably inferred. Accordingly, the decisions of the Board should be affirmed.

Mikoll, J. P., Levine, Mercure and Harvey, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.