■ In the Matter of the Claim of RAIDA GONZALEZ, Respondent, v CORNING, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [675 NYS2d 389] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed April 1, 1997, which discharged the Special Disability Fund from liability upon the ground that the claim for reimbursement was not timely filed.

Claimant sustained a compensable injury in 1991 and thereafter received workers' compensation benefits. On May 26, 1993, the employer's workers' compensation insurance carrier filed a C-250 claim for reimbursement against the Special Disability Fund. Determining, *inter alia*, that the filing of two C-4 medical reports on March 20, 1991 and March 21, 1991 stating diagnoses of carpal tunnel syndrome and probable myofascial pain which claimant "developed at work" constituted the filing of a claim for workers' compensation benefits, the Workers' Compensation Board found that the claim for reimbursement from the Fund by the carrier was not filed within 52 weeks of the claim for benefits as required by Workers' Compensation Law § 15 (8) (f). The Board therefore dismissed the claim as untimely, prompting this appeal by the employer and its carrier.

We affirm. Contrary to the argument of the employer and its carrier, a C-4 medical report may mark the filing of a claim for workers' compensation benefits where it contains information "sufficient to provide [the Board] with the facts of the injury and from which it might be reasonably inferred that a claim for compensation was being made" (*Matter of Boone v Rigaud*, 176 AD2d 378, 379; *see, Matter of Layton v General Elec. Co.*,

176 AD2d 390). Here, even assuming, arguendo, that the first two C-4 medical reports filed on March 20, 1991 and March 21, 1991 specifically referenced by the Board were insufficient to constitute notice that a claim for compensation was being made, any ambiguity in that regard was resolved by the C-4 medical report in the record dated August 13, 1991 which specifically stated that claimant was partially disabled due to worsening carpal tunnel syndrome and recommended restricted duty. Thus, even if this later report was considered to be the point claimant's claim was filed, the carrier's C-250 claim would still be untimely pursuant to Workers' Compensation Law § 15 (8) (f). Given the Board's discretion in this regard and the fact that it is undisputed that the carrier's application for reimbursement was not filed within 104 weeks after claimant's established date of disability (*see,* Workers' Compensation Law § 15 [8] [f]), we find that substantial evidence supports the determination that the claim for reimbursement was untimely.

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.