■ In the Matter of the Claim of JOSEPH B. BUGLIARI, Respondent, v NEW YORK STATE COLLEGES AT CORNELL UNIVERSITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [676 NYS2d 698] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed July 1, 1997, which ruled that the employer made advance payments to claimant and thereby waived the defense of the Statute of Limitations.

In the mid-1980s, claimant developed multi-infarct dementia as a result of stress-induced psychiatric problems related to his employment as a tenured business law professor at Cornell University. Thereafter, his employer provided him with a student assistant, installed couches in his office to permit him to rest and granted him an extended paid leave of absence. Claimant ultimately retired and in January 1994 he filed a claim for workers' compensation benefits based upon his condition. The workers' compensation carrier and the employer contested the claim on the ground that it was time barred under the two-year limitations period set forth in Workers' Compensation Law § 28. The Workers' Compensation Board determined that although the claim was untimely filed, the employer had furnished advance payments of compensation to claimant and thereby waived the defense of the Statute of Limitations. The employer and the carrier appeal.

We affirm and reject the challenge to the Board's determination that the remuneration in question was furnished with knowledge that claimant's condition was work related. Claimant held two full-time teaching positions, served as the director of legal services and the chair of several academic committees, was elected to the position of dean of faculty for five years and served as secretary to the faculty for three years. Claimant's supervisor testified that he was aware that these work responsibilities had caused claimant to suffer debilitating physical and mental problems that interfered with his job performance. Moreover, claimant testified that he was offered the student assistant and the leave of absence after the employer's president and dean were advised that he was experiencing work-related health problems. We find substantial evidence in the record to support the Board's determination that the remuneration was made in acknowledgement of the work-related nature of claimant's condition (*see*, *Matter of Feigenbaum v Logimetrics, Inc.*, 209 AD2d 793; *cf.*, *Matter of Manzo v Twin Oaks Rest.*, 127 AD2d 919). In view of this, we decline to disturb the Board's finding that the employer waived the time limitation

imposed by Workers' Compensation Law § 28 (*see, Matter of Homan v Gotham Bldg. Maintenance Corp.*, 119 AD2d 965, 966).

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.