■ In the Matter of SHEILA TAGLIAVENTO, Respondent, v BORG-WARNER AUTO et al., Appellants. WORKER'S COMPENSATION BOARD, Respondent. [676 NYS2d 282] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed August 5, 1996, which discharged the Special Disability Fund from liability upon the ground that the claim for reimbursement was not timely filed.

On January 8, 1991, claimant sustained injuries to her neck and shoulder in the course of her employment. The employer filed a C-2 report of injury with its workers' compensation insurance carrier and the Workers' Compensation Board on January 17, 1991, wherein it stated that it had provided claimant with medical care. A supporting report from the physician was filed with the Board the next day. In May 1992, claimant's injury became more debilitating and she began losing time from work. Claimant's case was indexed by the Board on June 11, 1992 and the carrier filed a notice controverting the claim on June 19, 1992. Claimant filed a formal C-3 form with the Board on June 24, 1992. Accident, notice and causal relationship were established and claimant was awarded compensation from May 28, 1992 onward. On March 31, 1993, the carrier filed a C-250 claim for reimbursement from the Special Disability Fund. The Board rejected this application as untimely and this appeal by the employer and carrier (hereinafter collectively referred to as the carrier) ensued.

On appeal, the carrier concedes that its application for reimbursement was not filed within 104 weeks after claimant's established date of disability, January 8, 1991, one of the time restrictions set forth in Workers' Compensation Law § 15 (8) (f). The carrier contends that its application is nonetheless timely because a claim can be filed *either* within "one hundred four weeks after the date of disability or death *or* fifty-two weeks after the date that a claim for compensation is filed with the chair, *whichever is later*" (Workers' Compensation Law § 15 [8] [f] [emphasis supplied]). The carrier maintains that it had 52 weeks after the time claimant filed her C-3 form on June 24, 1992 to file a claim for reimbursement and that, therefore, its C-250 claim was timely filed.

We cannot agree. The pivotal issue on this appeal is the point at which a "claim for compensation" is deemed filed with the Board (Workers' Compensation Law § 15 [8] [f]; *see also*, Workers' Compensation Law § 28). Although the carrier correctly notes that the filing of a C-3 form by an employee can

constitute the commencement of a claim, "[t]he failure to file a C-3 form does not necessarily preclude [a] claimant from entitlement to * * * benefits" (*Matter of Boone v Riguad*, 176 AD2d 378, 379). For instance, "[a]n advance payment of compensation eliminates the necessity for the filing of a claim with the Chair" (Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 28, at 428). Further, a C-4 medical report may mark the filing of a claim where it contains information "sufficient to provide [the Board] with the facts of the injury and from which it might be reasonably inferred that a claim for compensation was being made" (*Matter of Boone v Riguad, supra*, at 379; *see, Matter of Kaplan v Kaplan Knitting Mills*, 248 NY 10).

Significantly, the issue of when a claim is "timely filed" is a factual determination for the Board and is entitled to deference if there is substantial evidence to support it (*see, Matter of Silver v Cohen & Son*, 30 AD2d 908, 909, *lv denied* 22 NY2d 645). Despite claimant's filing of a C-3 form, we note that the carrier controverted the claim *before* any formal action on claimant's part. Moreover, the forms filed with the Board by the employer and claimant's medical provider in January 1991 clearly state that claimant sustained a work-related injury for which the employer was providing medical care. Since it can be reasonably inferred from these forms that a claim for compensation was made at that time, we conclude that there is substantial evidence to support the Board's determination that the carrier's claim for reimbursement was untimely.

Cardona, P. J., White, Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.