■ In the Matter of the Claim of DENNIS ZUGIBE, Appellant, v CORNELL & COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [716 NYS2d 767] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed January 21, 1998, which ruled that claimant's application for benefits was barred by Workers' Compensation Law § 28.

Claimant; an ironworker, sustained a broken wrist on October 5, 1992 during the course of his employment and the employer filed a C-2 report of injury with the Workers' Compensation Board on his behalf. Thereafter, his case was established for accident, notice and causal relationship with respect to that injury. Claimant subsequently received awards at a tentative rate pending further hearing. Subsequently, claimant's neurosurgeon issued a narrative report dated September 20, 1994 requesting authorization from the employer's workers' compensation carrier for an MRI of claimant's spine based upon a diagnosis of neck pain and exacerbation of

an underlying back condition causally related to the October 5, 1992 accident. The carrier denied the request and the report was thereafter filed with the Board on November 4, 1994. Rejecting claimant's contention that the September 20, 1994 medical report constituted a timely claim for benefits based on the injuries described therein, the Board ruled that any claim for neck and back injuries resulting from the October 5, 1992 accident was time barred by the two-year limitations period set forth in Workers' Compensation Law § 28. Claimant appeals.

Workers' Compensation Law § 28 provides, in pertinent part, that "[t]he right to claim compensation * * * shall be barred * * * unless within two years after the accident * * * a claim for compensation shall be filed with the chairman." A treating physician's report may mark the filing of a claim for workers' compensation benefits provided that it "contains information 'sufficient to provide [the Board] with the facts of the injury and from which it might be reasonably inferred that a claim for compensation was being made'" (*Matter of Tagliavento v Borg-Warner Auto*, 252 AD2d 753, 754, quoting *Matter of Boone v Riguad*, 176 AD2d 378, 379; *see, Matter of Kaplan v Kaplan Knitting Mills*, 248 NY 10). Notably, the issue of whether a claim has been timely filed is a factual determination for the Board which must be upheld if supported by substantial evidence (*see, Matter of Tagliavento v Borg-Warner Auto, supra,* at 754; *Matter of Silver v Cohen & Son*, 30 AD2d 908, *lv denied* 22 NY2d 645).

Here, although the September 20, 1994 medical report was received by the carrier within two years, the report was not furnished to the Board until November 4, 1994. Inasmuch as this was more than two years after the date of the accident, it was beyond the limitations period contained in the statute. Thus, even assuming that the report contained adequate information from which it could be reasonably inferred that claimant intended to make a claim for compensation for neck and back injuries, it was not timely provided to the Board. Therefore, we conclude that the Board's decision is supported by substantial evidence and must be affirmed.

Mercure, Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.