■ In the Matter of the Claim of MARGARET LaROCCA, Appellant, v UNIVERA HEALTHCARE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [747 NYS2d 263] —Mercure, J.

Claimant, a coordination of benefits reviewer, was exposed to pesticides at work in 1995. As a result, she experienced headaches, blurred vision, confusion and difficulty breathing for which she sought medical treatment. Thereafter, on October 14, 1999 and November 11, 1999, claimant experienced a severe recurrence of such symptoms after she was exposed to individuals wearing heavy fragrances at work. She subsequently stopped working and, in December 1999, filed a claim for workers' compensation benefits. Following a hearing, the case was established for accident, notice and causal relationship, and claimant was awarded benefits. The Workers' Compensation Board, however, reversed that decision and found that the claim was not timely filed under Workers' Compensation Law § 28. Claimant appeals.

Workers' Compensation Law § 28 provides, in pertinent part, that "[t]he right to claim compensation * * * shall be barred * * * unless within two years after the accident * * * a claim for compensation shall be filed with the chairman." "Notably, the issue of whether a claim has been timely filed is a factual determination for the Board which must be upheld if supported by substantial evidence" (*Matter of Zugibe v Cornell & Co.*, 277 AD2d 726, 727 [citations omitted]).

We reject claimant's assertion that the incidents of October 14, 1999 and November 11, 1999 constituted separate accidents and, therefore, her claim is not untimely under Workers' Compensation Law § 28. The evidence fully supports the Board's finding that the accident that precipitated claimant's medical problems occurred when pesticides were sprayed in her work area in 1995, more than two years prior to the filing of her claim for workers' compensation benefits. Michael Lax, a physician specializing in occupational medicine, diagnosed claimant with rhinosinusitis, upper airway irritation and toxic encephalopathy, which he attributed to claimant's exposure to pesticides at her office in 1995. He indicated that such exposure caused a change in claimant's health status and opined that "she has developed an increasing likelihood of becoming symptomatic with exposure[ ]" to fragrances and similar substances. He stated that her exposure to fragrances at work in October and November 1999 "[was] responsible for a very significant exacerbation of her symptoms." Significantly, no contradictory medical evidence was provided at the hearing. Claimant acknowledged that she periodically experienced symptoms after her pesticide exposure and her supervisor testi-

fied that claimant had related such complaints to her. Consequently, we find that substantial evidence supports the Board's decision (see *Matter of Graniero v Northern Westchester Hosp.*, 265 AD2d 638, 639-640, *lv denied* 94 NY2d 759; compare *Matter of Hastings v Fairport Cent. School Dist.*, 274 AD2d 660, 661-662, *lv dismissed* 95 NY2d 926). We have considered claimant's remaining arguments and find them to be without merit.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.