■ In the Matter of the Claim of Raymond Hazzard, Appellant, v Adams Russell Cable Services et al., Respondents. Workers' Compensation Board, Respondent. [759 NYS2d 403] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed December 5, 2001, which ruled that claimant's application for workers' compensation benefits was time-barred.

Claimant, a line technician for the employer, sustained an injury to his left knee in January 1987 when he slipped on ice while carrying a ladder. Although claimant immediately sought medical treatment for this injury, he did not file a claim for workers' compensation benefits until August 1995. The employer's workers' compensation carrier controverted the claim contending, in part, that such claim was time-barred pursuant to Workers' Compensation Law § 28. Following numerous hearings, a Workers' Compensation Law Judge disallowed the claim, finding that it indeed was time-barred. The Workers' Compensation Board affirmed that decision, prompting this appeal by claimant.

We affirm. Pursuant to Workers' Compensation Law § 28, a claim for compensation must be filed with the Board chair within two years of the underlying accident. If, however, an advance payment has been made to the employee, his or her failure to file a claim within the two-year period is not fatal (see Workers' Compensation Law § 28). Whether a claim has been filed in a timely fashion presents a factual issue for the Board to resolve, and its determination in this regard, if supported by substantial evidence, will not be disturbed (see Matter of LaRocca v Univera Healthcare, 297 AD2d 891, 892 [2002]).

Here, claimant did not file his C-3 form seeking workers' compensation benefits until August 1995—more than eight years after the underlying accident. Claimant nonetheless contends that his claim for benefits is not time-barred, relying upon the C-4 medical report completed by the physician who treated him in January 1987. Assuming that this particular argument is properly before us, we need note only that, although a C-4 medical report indeed may mark the filing of a claim for workers' compensation benefits (see Matter of Tagliavento v Borg-Warner Auto, 252 AD2d 753, 754 [1998]), there is no evidence in the record that the report completed by claimant's treating physician in January 1987 was filed with the Board chair within two years of the accident as required by Workers' Compensation Law § 28.

Nor are we persuaded that claimant demonstrated that an

advance payment was made on his behalf, thereby avoiding the statute of limitations issue. While it is apparent from the record that the bill incurred in connection with the services rendered by claimant's treating physician in January 1987 was in fact paid, the source of this payment is unknown. Absent proof that the employer or its carrier paid the bill in question, such payment cannot be deemed an advance payment of compensation under Workers' Compensation Law § 28. Accordingly, the Board's decision finding that the underlying claim was time-barred is affirmed.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.