■ In the Matter of the Claim of THOMAS I. CANTONE, Respondent, v HEALTH ENTERPRISES MANAGEMENT, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [764 NYS2d 294] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed February 19, 2002, which ruled that the claim was not time-barred by Workers' Compensation Law § 28.

Claimant was the president and chief executive officer of the employer, a health care development company, and was responsible for establishing and setting up off-site health care facilities, such as outpatient surgical clinics and imaging centers. Although he worked independently, he reported to the two major shareholders of the company, Timothy McGinn and David Smith. On March 11, 1991, claimant experienced a myocardial infarction while riding in the car with his wife. He was hospitalized for a few weeks and recuperated at home for a

number of months thereafter, during which time he performed some light-duty work. He continued to receive his full salary the entire time. He subsequently returned to work, but left permanently in March 1993 after experiencing chest pain. He filed a claim for workers' compensation benefits on March 26, 1993. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted the claim and asserted, among other things, that the claim was time-barred by the provisions of Workers' Compensation Law § 28. Following various hearings, the Workers' Compensation Law Judge found that the employer had waived its timeliness defense by making advance payments of compensation to claimant and awarded claimant benefits. The Workers' Compensation Board upheld the decision, resulting in this appeal.

We affirm. Workers' Compensation Law § 28 generally provides that a claim for compensation must be filed within two years. However, "[r]emuneration in the form of wages or medical treatment may constitute advance payments of compensation, rendering inapplicable the limitations period established by Workers' Compensation Law § 28, where the remuneration is provided in recognition of liability" (*Matter of Kaschak v IBM Corp.*, 256 AD2d 830, 831 [1998]; *see Matter of Bugliari v New York State Colls. at Cornell Univ.*, 252 AD2d 713, 713 [1998], *lv dismissed* 92 NY2d 1026 [1998]). This is a factual issue for the Board and its decision will not be disturbed if supported by substantial evidence (*see Matter of Hazzard v Adams Russell Cable Servs.*, 305 AD2d 952, 952 [2003]).

Here, claimant testified concerning the extremely stressful circumstances at work preceding his heart attack and that, when Smith and McGinn visited him in the hospital, he related to them that he felt the stressful work environment caused his heart attack. Claimant's cardiologist confirmed that there was some causal relationship between claimant's stressful work environment and his myocardial infarction. At the time claimant was stricken, the employer had no policy in effect regarding the payment of wages to individuals who were on a prolonged leave of absence due to medical reasons. Smith acknowledged the considerable stress that claimant was under due to his work activities. In addition to his personal relationship with claimant and the fact that claimant had been recruited from a high paying job at a pharmaceutical company, Smith testified that he and McGinn continued to pay claimant his full salary because they felt "a strong sense of responsibility." In view of the foregoing, we conclude that

substantial evidence supports the Board's finding that "the remuneration was made in acknowledgment of the work-related nature of claimant's condition" (*Matter of Bugliari v New York State Colls. at Cornell Univ., supra* at 713). Therefore, we decline to disturb its decision.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.