■ In the Matter of the Claim of JOSEPH M. SCHLEY, Appellant, v NORTH STATE SUPPLY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [766 NYS2d 227] —Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed March 28, 2002, which ruled that the claims for back and neck injuries were barred by Workers' Compensation Law § 28.

On March 13, 1998, claimant sustained a work-related injury to his right knee. A claim for workers' compensation benefits subsequently was filed and, following a hearing, the case was established for the injury to claimant's knee. Thereafter, at a hearing conducted in May 2000, claimant sought to establish a causally related back injury stemming from the March 1998 incident. A few months later, in October 2000, a similar claim was made with respect to problems that claimant was experiencing in his neck. On both occasions, counsel for the employer and the workers' compensation carrier opposed amendment of the original claim, contending that the injuries to claimant's lumbar and cervical spine fell outside the two-year limitations period set forth in Workers' Compensation Law § 28. Although a Workers' Compensation Law Judge granted the requested amendment, the Workers' Compensation Board reversed that decision, finding that the claims for injuries to claimant's lumbar and cervical spine indeed were untimely. This appeal by claimant ensued.

We affirm. Workers' Compensation Law § 28 provides, in relevant part, that "[t]he right to claim compensation * * * shall be barred * * * unless within two years after the accident * * * a claim for compensation shall be filed with the chairman." In this regard, "a C-4 medical report may mark the

filing of a claim where it contains information 'sufficient to provide [the Board] with the facts of the injury and from which it might be reasonably inferred that a claim for compensation was being made'" (*Matter of Tagliavento v Borg-Warner Auto,* 252 AD2d 753, 754 [1998], quoting *Matter of Boone v Rigaud,* 176 AD2d 378, 379 [1991]). Whether a claim has been filed in a timely manner presents a factual issue for the Board to resolve, and such determination, if supported by substantial evidence in the record as a whole, will not be disturbed (*see Matter of Hazzard v Adams Russell Cable Servs.,* 305 AD2d 952 [2003]).

As noted previously, appropriate objections to the proposed amendments to the claim were made and, as such, the Board was correct in finding that the employer and the carrier did not waive the right to assert the defense of timeliness under Workers' Compensation Law § 28. Turning to the merits, claimant essentially contends that the filing of certain medical reports and the various diagnostic tests he underwent were sufficient to place the Board on notice of his intention to seek compensation for the injuries to his lumbar and cervical spine. In this regard, the record contains a C-4 dated February 7, 2000 and an attached letter from claimant's treating physician, Keith Stube, wherein Stube states, "I believe [claimant's] pain and numbness [in his right knee and thigh] are secondary to his back. He does not have significant pain with range of motion of his right hip although residual hip arthritis could also be a possible diagnosis. I would like to refer him to a spine surgeon to evaluate his back for radiculopthy and his hip." Thereafter, by letter dated February 16, 2000, Stube sought approval from the Board to obtain an MRI of claimant's back. Stube referenced claimant's "increasing knee pain and numbness" from claimant's right thigh to his foot, which Stube suspected was "radicular secondary to a HNP," an apparent reference to a possible herniation. By letter dated March 1, 2000, Stube reported to the Board that the resulting MRI revealed, inter alia, "central canal stenosis and foraminal stenosis at the L2-L3 level secondary to a disc bulge" and requested a referral "to a spine doctor for further consideration regarding decompression as [claimant] seems to be having radicular symptoms."

Although the Board found that Stube's reports dated February 7, 2000 and February 16, 2000, respectively, were filed prior to the March 13, 2000 cut-off date and indeed made reference to a possible condition involving claimant's lumbar spine, the Board concluded that such reports were insufficient to give notice that a claim for compensation was being made in this

regard. Based upon our review of the record as a whole, we cannot say that the Board's determination in this regard is erroneous. As the Board aptly observed, Stube did not give any indication in his February 2000 reports that the problems claimant was experiencing with his lumbar spine were causally related to the March 1998 work-related accident.[1] Indeed, as noted previously, Stube acknowledged that residual hip arthritis was a possible diagnosis—one that would be completely unrelated to the underlying accident. Accordingly, the Board's findings in this regard will not be disturbed.

As for the March 6, 2000 report authored by Cameron Huckell, the surgeon to whom claimant subsequently was referred, Huckell plainly opined that a causal relationship existed between claimant's March 1998 accident and the problems he was experiencing with his thoracic and lumbar spine. However, the employer and carrier argue that the Board found and claimant does not appear to dispute that such report was not filed with the Board until March 16, 2000, three days beyond the two-year limitations period set forth in Workers' Compensation Law § 28.[2] As the Board is without authority to amend a claim following the expiration of the limitations period (*see Matter of Jones v Cowper Co.,* 80 AD2d 685 [1981]), and given the absence of any suggestion that the injuries to claimant's lumbar and/or cervical spine were consequential in nature (*compare Matter of Petillo v Wyckoff Hgts. Hosp.,* 288 AD2d 515, 516 [2001]) or any proof that Huckell's report was filed in a timely manner (*see Matter of Hazzard v Adams Russell Cable Servs.,* 305 AD2d 952 [2003], *supra; Matter of Zugibe v Cornell & Co.,* 277 AD2d 726, 727 [2000]), the Board's decision to deny the proposed amendments was entirely proper.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.

---

1. The Board employed a similar rationale in concluding that any payments the carrier made with regard to Stube's bills and the resulting MRI did not constitute an advance payment of compensation within the meaning of Workers' Compensation Law § 28, reasoning that if the reports filed by Stube were insufficient to give notice that a claim for compensation was being made with regard to claimant's lumbar spine, the mere fact that the carrier paid for certain diagnostic tests undertaken at Stube's behest could not be viewed as a recognition of liability. In essence, the Board took the position that the carrier's payment of these bills was insufficient to cure the deficiencies in Stube's February 2000 reports and provide the otherwise missing causal connection between the injury to claimant's lumbar spine and the March 1998 accident.

2. As to the medical bills submitted by Huckell, the Board noted that the carrier specifically filed objections in this regard.