■ In the Matter of the Claim of ELVIS L. HERNANDEZ, Appellant, v GUARDIAN PURCHASING CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [855 NYS2d 704]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed September 26, 2006, which, among other things, ruled that claimant's application for workers' compensation benefits was time-barred.

Claimant sustained a work-related injury to his back in May 1988. His application for workers' compensation benefits was approved and, in January 1990, his case was closed with continuing treatment to be provided. In November 2002, while working for another employer, claimant began experiencing neck pain. In addition to filing a claim with his new employer, claimant sought to reopen his earlier case arising from the 1988 accident to include a neck injury. The Workers' Compensation Law Judge determined that the workers' compensation carrier was discharged from liability pursuant to Workers' Compensation Law § 25-a and claimant's application to reopen his earlier case was time-barred under Workers' Compensation Law § 28. On claimant's appeal, the Workers' Compensation Board affirmed, as do we.

Workers' Compensation Law § 28 bars awards of compensation unless a claim was filed within two years after the accident. That section further provides that the employer and carrier waive the two-year statute of limitations if they make an advance payment of compensation "in recognition or acknowl-

edgment of liability under the Workers' Compensation Law" (*Matter of Schneider v Dunkirk Ice Cream*, 301 AD2d 906, 908-909 [2003]; *see* Workers' Compensation Law § 28; *Matter of Petitt v Eaton & Van Winkle*, 5 AD3d 822, 823 [2004]). Whether a claim has been timely filed is a factual question for the Board to resolve, and its determination on the issue will not be disturbed if supported by substantial evidence (*see Matter of Cantone v Health Enters. Mgt.*, 308 AD2d 646, 647 [2003]; *Matter of Hazzard v Adams Russell Cable Servs.*, 305 AD2d 952, 952 [2003]).

Claimant's claim regarding his neck was filed in 2002, more than 14 years after his 1988 accident. He claims that a 1989 medical report prepared by an orthopedist constituted a claim. A medical report may mark the filing of a claim if it is filed within the two-year period and contains sufficient information to provide the Board with the facts surrounding the injury and "from which it might be reasonably inferred that a claim for compensation was being made" (*Matter of Boone v Rigaud*, 176 AD2d 378, 379 [1991]; *accord Matter of Zugibe v Cornell & Co.*, 277 AD2d 726, 727 [2000]). The proffered medical report fails on both counts. It apparently was not filed with the Board until 2005 (*see Matter of Hazzard v Adams Russell Cable Servs.*, 305 AD2d at 952; *Matter of Zugibe v Cornell & Co.*, 277 AD2d at 727). Additionally, the report's general reference to claimant's complaint of neck pain was insufficient to infer that a neck injury claim was being made, considering the doctor's failure to note any cervical injury and his determination that claimant was fully capable of working (*see Matter of Gans v Active Equip. Supply*, 27 AD2d 788, 789 [1967]). While claimant contends that the carrier paid for a cervical spine X ray in 1988, thus waiving the statute of limitations, claimant was unable to substantiate that assertion with the sparse medical and billing records available from that time period (*see Matter of Hazzard v Adams Russell Cable Servs.*, 305 AD2d at 953). Hence, we will not disturb the Board's determination that Workers' Compensation Law § 28 bars claimant's neck injury claim.

Because the claim is barred, the portion of the Board's decision discharging the carrier from liability under Workers' Compensation Law § 25-a is moot (*see Matter of Leary v NYC Bd. of Educ.*, 42 AD3d 712, 715 n [2007]). We have considered the parties' laches arguments and find them without merit.

Mercure, J.P., Peters, Rose and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.