◼ In the Matter of the Claim of FRANCES MANZO, Appellant, v TWIN OAKS RESTAURANT et al., Respondents. WORKERS COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed October 9, 1985.

Claimant filed a claim for workers' compensation benefits in July 1983 based upon injuries she allegedly sustained as a result of a 1977 work-related automobile accident. The carrier and employer controverted the claim and maintained that it was time barred pursuant to Workers' Compensation Law § 28 since the claim was filed more than two years after the occurrence of the accident. However, claimant asserted that the employer and carrier had made advance payments of compensation from the time of the accident, thereby waiving the period of limitations under Workers' Compensation Law § 28. The Workers' Compensation Board found that the claim was time barred and this appeal by claimant ensued.

Testimony at the hearing before the Workers' Compensation Law Judge established that claimant was a chef employed at her husband's restaurant and was involved in the 1977 accident while driving a company car. Claimant returned to work immediately after the accident and continued to receive her

full pay. However, on some occasions she experienced pain in her neck and shoulder as a result of the injuries she had sustained and she would then take a respite from her duties and lie down. In 1979 claimant was hospitalized and underwent surgery for the shoulder and neck problem. She could not remember if she had received her regular pay while hospitalized. She thereafter returned to work but was again hospitalized in 1980 for neck problems and then ceased working altogether.

The employer's compensation carrier also insured the company car involved in the accident and went to the employer's restaurant the night of the accident to conduct an investigation. Subsequently, the carrier made payments for medical bills and lost wages under the no-fault coverage of the automobile policy. The carrier's representative testified that the first time it was made aware that claimant was contending that the accident arose out of and in the course of claimant's employment was when claimant filed a workers' compensation claim in 1983. In fact, claimant filled out and submitted a no-fault claim to the carrier after the accident but left blank the question whether she was eligible for or receiving workers' compensation benefits. Likewise, the no-fault wage reporting form the carrier received from the employer in 1982 noted that this was not a workers' compensation claim.

The foregoing evidence was more than sufficient to support the Board's determination that claimant did not receive advance payment of compensation from either the employer or carrier. A finding of advance payment waiving the time-barring provisions of Workers' Compensation Law § 28 is sustainable only when remuneration is provided by the employer or carrier in conjunction with some acknowledgment or recognition of liability under the Workers' Compensation Law (*Matter of Schultz v Voltro Distribs.*, 92 AD2d 990, 991). Here there is no evidence to establish that the carrier had any knowledge that claimant's injuries arose out of and in the course of her employment. Claimant's contention that the carrier lulled her into not filing a timely workers' compensation claim by failing to inform her that her injuries were compensable under the Workers' Compensation Law is thus untenable (*see, Matter of Auslander v Textile Workers Union*, 59 AD2d 90, 92). Likewise, there is insufficient proof to establish that claimant's receipt of wages from her employer after the accident consisted of the voluntary payment of compensation. Since claimant testified that she continued to work after the accident, the remuneration she received cannot be considered an advance

payment. Moreover, the wage reporting form submitted by the employer to the carrier specifically stated that the claim was not for workers' compensation benefits.

Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.