■ In the Matter of the Claim of JOSEPH MORTENSON, Appellant, v UNITED PARCEL SERVICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed November 2, 1990, which, *inter alia,* ruled that payments claimant received from his employer were not an advance payment of workers' compensation benefits and denied his claim for said benefits.

Claimant filed a claim for workers' compensation benefits on July 29, 1987, stating that he had sustained a myocardial infarction on July 17, 1985 as a result of work performed for

his employer on June 15, 1985. The workers' compensation insurance carrier asserted, *inter alia,* that the claim was untimely pursuant to Workers' Compensation Law § 28, which bars the right to compensation when a claim is not filed within two years of the date of the accident unless there has been an advance payment of compensation. Claimant contended that his employer's continued payment of his wages during a portion of his disability constituted an advance payment of compensation. Based on the evidence presented at a hearing, the Workers' Compensation Board concluded that the payments received by claimant were made pursuant to company policy without regard to the cause of the injury and were not in the nature of an advance payment of compensation. Claimant appeals.

Unless the remuneration is provided by the employer or carrier in conjunction with some acknowledgment or recognition of liability under the Workers' Compensation Law, there can be no finding of an advance payment within the meaning of Workers' Compensation Law § 28 *(Matter of Manzo v Twin Oaks Rest.,* 127 AD2d 919, 920). "[W]hen payments are made regardless of the cause of the injury, there is no basis for claiming advance payment" *(Matter of Schultz v Voltro Distribs.,* 92 AD2d 990, 991). There is substantial evidence in the record to support the Board's factual finding that claimant's compensation was continued without regard to the cause of the injury and, therefore, the Board's decision must be affirmed.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.