■ In the Matter of the Claim of DAVID T. KASCHAK, Appellant, v IBM CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [681 NYS2d 673] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed February 21, 1997, which ruled that claimant's application for workers' compensation benefits was time barred.

Claimant, a financial analyst, filed a claim for workers' compensation benefits in August 1992 alleging that he sustained emotional injuries when he was harassed by a manager in February 1990. The employer and the workers' compensation insurance carrier controverted the claim on the ground that it had not been brought within the two-year limitations period set forth in Workers' Compensation Law § 28. The

Workers' Compensation Board, rejecting claimant's contentions that the Statute of Limitations was tolled due to his mental incompetency or waived by reason of the employer's having furnished advance payments of compensation in the form of medical treatment, found the claim untimely. Claimant appeals.

We affirm. Remuneration in the form of wages or medical treatment may constitute advance payments of compensation, rendering inapplicable the limitations period established by Workers' Compensation Law § 28, where the remuneration is provided in recognition of liability (*see, Matter of Ecret v Holiday Inn*, 253 AD2d 916; *Matter of Manzo v Twin Oaks Rest.*, 127 AD2d 919, 920). When, however, payments are made without regard to the cause of injury, there can be no finding of advance payment (*see, Matter of Mortenson v United Parcel Serv.*, 185 AD2d 487).

Here, when claimant became upset following the February 1990 incident and left work, Stephen Davis, a psychologist who performed consulting services for the employer's occupational health department, met briefly with claimant on two occasions. The employer presented testimony that practitioners working in the occupational health department did not treat employees, and that Davis' sole purpose in interviewing claimant was to assess his fitness to return to work. Given these circumstances, substantial evidence supports the Board's finding that claimant's visits to the occupational health department did not constitute advance payments of compensation in the form of medical treatment (*see, id.*, at 488).

There is also substantial evidentiary basis in the record for the Board's conclusion that claimant was not mentally incompetent during the two-year limitations period and is therefore unable to avail himself of the toll provided by Workers' Compensation Law § 115. The medical testimony credited by the Board reveals that the emotional injuries suffered by claimant did not affect his over-all ability to function in society, a conclusion which is corroborated by the fact that claimant was employed on a full-time basis during much of the relevant period (*see, Matter of Cerami v City of Rochester School Dist.*, 82 NY2d 809; *Matter of Uhler v A & P*, 242 AD2d 754). In view of the foregoing, we affirm the Board's decision finding that claimant's application for benefits was time barred.

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.