■ In the Matter of the Claim of ADA ROBINSON, Respondent, v NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [697 NYS2d 733] —Mikoll, J. Appeal from a decision of the Workers' Compensation Board, filed April 9, 1998, which ruled that the employer made advance payments of compensation and that, therefore, the claim was not barred by Workers' Compensation Law § 28.

Claimant, a stenographer/secretary, filed a claim for workers' compensation benefits based upon work-related carpal tunnel syndrome. It is undisputed that the date of disablement is October 1990 and that claimant failed to file her claim within the two-year limitations period established by Workers' Compensation Law § 28. It is also undisputed that the employer continued to pay claimant her wages when she was absent from work in the spring of 1991 following surgery to relieve the condition. The Workers' Compensation Board concluded that the payment of wages constituted an advance payment within the meaning of Workers' Compensation Law § 28, rendering the limitations period inapplicable. The employer appeals.

Workers' Compensation Law § 28 provides that no case in which an advance payment is made to an employee shall be barred by the employee's failure to file a claim. Remuneration in the form of wages can constitute an advance payment within the meaning of Workers' Compensation Law § 28 where the remuneration is provided in recognition of workers' compensation liability (*see, Matter of Kaschak v IBM Corp.*, 256 AD2d 830). Payments made regardless of the cause of injury, however, do not constitute advance payment (*see, Matter of Mortenson v United Parcel Serv.*, 185 AD2d 487).

Relying on claimant's testimony that she could have used sick leave even if her condition had not been work-related, the employer contends that claimant would have been paid regardless of the cause of injury. The record, however, contains a request for leave form created by the employer which requires employees to indicate the type of leave requested and expressly distinguishes sick leave from "Disability (Workers' Comp)". In requesting several weeks of leave for her surgery, claimant checked the disability box, not one of the sick leave boxes, and claimant's supervisor signed and approved the request. The record also contains a weekly time record for an additional week which includes the notation "Workers' Comp" and is also signed by claimant's supervisor. The documents support the Board's conclusion that, during the period of claimant's absence

following surgery for the work-related condition, the employer continued to pay claimant's wages in recognition of its workers' compensation liability. Even if, as the employer contends, there is evidence in the record which also supports a contrary conclusion, we will not substitute our judgment for that of the Board (*see, Matter of Egloff v Ob-Gyn Assocs.*, 245 AD2d 965, 966).

Cardona, P. J., Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.