■ In the Matter of the Claim of DIANA M. PARIS, Respondent, v CITY OF NEW YORK, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [704 NYS2d 369] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed March 10, 1998, which ruled that a claim for workers' compensation benefits was not barred by Workers' Compensation Law § 28.

Claimant, an office worker in the office of the Queens County District Attorney, sustained mental and emotional injuries as a result of being trapped in an elevator which caught fire in July 1991. The employer promptly filed a notice of injury, describing claimant's injuries as smoke inhalation and hysteria. By letter dated August 28, 1991, the employer's law department informed claimant that "[y]our workers' compensation claim for injuries on 07-01-91 has been accepted and * * * as-

signed to * * * an examiner in the Workers' Compensation Division." The letter further advised claimant that a case number had been assigned, which she was directed to provide to all concerned parties, including doctors and hospitals. When claimant subsequently filed a claim for workers' compensation benefits in December 1995, the employer objected on the ground that the claim was barred by the two-year period for filing claims established by Workers' Compensation Law § 28. Based upon the employer's assurance to claimant that her claim had been accepted in August 1991, the Workers' Compensation Board ruled that the claim was not barred. The employer appeals.

The employer contends that inasmuch as it raised the timeliness issue at the first hearing, the claim is barred in the absence of an advance payment of compensation. We disagree. Where, as here, the employer was aware of claimant's injury and its actions, upon which claimant justifiably relied, effectively inhibited the timely filing of a claim, the Board is not required to deny an untimely claim pursuant to Workers' Compensation Law § 28 (*see, Matter of Esperson v Gowanda State Homeopathic Hosp.*, 20 AD2d 828, *lv denied* 14 NY2d 485).

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.