█ In the Matter of the Claim of Charles D. Henness, Respondent, v Price Chopper/Golub Corporation, Appellant. Workers' Compensation Board, Respondent. [768 NYS2d 713]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed August 20, 2002, which ruled, inter alia, that the self-insured employer made an advance payment of compensation to claimant and, therefore, the claim for his neck injury was not time-barred.

In March 1996, claimant sustained injuries after he slipped on a greasy floor and fell on his left side. Thereafter, he applied for and received workers' compensation benefits. Although claimant's case was originally established for injuries to his left shoulder and elbow, a Workers' Compensation Law Judge (hereinafter WCLJ) reopened the case in 2000 to consider expansion of accident, notice and causal relationship for claimant's worsening neck injury. The self-insured employer had paid for a 1998 cervical MRI and office visits documenting that claimant suffered from significant neck pain and stiffness, but thereafter disputed its liability for claimant's neck injury on the ground that, among other things, it did not receive timely notice (see Workers' Compensation Law §§ 18, 28).

Following a hearing, the WCLJ determined that claimant's neck injury was compensable and, further, that the self-insured employer had waived its right to contest the timeliness of the new claim because its payment for the 1998 cervical MRI constituted an advance payment of compensation in recognition of its liability. The Workers' Compensation Board affirmed on this ground, but rescinded the WCLJ's separate determination that claimant had established a prima facie case for a separate consequential injury to his right shoulder following his fall at home on March 30, 2001. The self-insured employer appeals.

We affirm. Initially, we note that the record provides substantial evidence supporting the Board's factual determination that the self-insured employer was aware of and provided compensation for claimant's neck injury in 1998. In the absence of any dispute that the self-insured employer paid for treatments to claimant's neck through June 1998, the Board properly determined that the employer made an advance payment of compensation in recognition of its liability and is, therefore, precluded from arguing that it was not timely notified of claimant's neck injury or that the claim is barred by the statute of limitations (see Workers' Compensation Law §§ 18, 28; Mat-

ter of *Schneider v Dunkirk Ice Cream,* 301 AD2d 906, 908-909 [2003]; *Matter of Robinson v New York City Dept. of Social Servs.,* 266 AD2d 613 [1999]; *Matter of Kaschak v IBM Corp.,* 256 AD2d 830 [1998]).

We further conclude that the Board's award of benefits for the period immediately following claimant's March 30, 2001 fall at home had a rational basis in the record. The determination is supported by claimant's treating physician's opinion that the fall had merely exacerbated the neck injury sustained in the March 1996 incident, i.e., that the March 2001 fall did not result in a separate injury (*see Matter of Lomuscio v Metropolitan Suburban Bus Auth.,* 290 AD2d 828, 830 [2002]). We have considered the parties' remaining contentions and find them to be without merit.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.