■ In the Matter of the Claim of INNOCENCIA KWADZOGAH, Respondent, v NEW YORK CITY HEALTH AND HOSPITAL CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [917 NYS2d 434]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed August 25, 2009, which ruled that the employer had waived the statute of limitations defense of Workers' Compensation Law § 28.

Claimant sustained a work-related injury on July 29, 2006, but did not lose any time from work at that time and therefore did not file a claim for workers' compensation benefits. However, beginning in June 2008, claimant lost time from work as a result of the injury and filed a claim for benefits on July 30, 2008— one day after the expiration of the limitations period of Workers' Compensation Law § 28. The employer opposed the claim, alleging that it was time-barred. A workers' compensation law judge determined that the employer had waived the limitations defense by making payments of compensation to claimant with an acknowledgment of liability. The Workers' Compensation Board affirmed and the employer appeals.

An employer waives the limitations defense by making payments of compensation to a claimant in the form of wages, medical treatment or other compensable expenses that carry a "recognition or acknowledgment of liability under the Workers' Compensation Law" (*Matter of Schneider v Dunkirk Ice Cream*, 301 AD2d 906, 908-909 [2003]; *see Matter of Hernandez v Guardian Purch. Corp.*, 50 AD3d 1258, 1258-1259 [2008]). Whether a payment is made with such a recognition is a factual issue for the Board to decide and its determination will be sustained if supported by substantial evidence, even if a contrary finding would not be unreasonable (*see Matter of Cantone v Health Enters. Mgt.*, 308 AD2d 646, 647 [2003]).

Here, substantial evidence exists in the record to support the Board's determination that the employer made payments to claimant with a recognition of liability and, thus, waived the statute of limitations defense. Notably, the employer filed a C-2 form reporting claimant's injury to the Board as a work-related injury, offered claimant medical treatment, and filed a C-669 form (notice of carrier's action on a claim for benefits) with the Board in which the employer reported that the "claim [was] not disputed" (see Matter of Paris v City of New York, 270 AD2d 657, 658 [2000]). The employer also filed a C-11 form (employer's report of injured employee's change in employment status resulting from injury) reporting to the Board that claimant had lost time beginning in June 2008 and indicating that, for part of that time, it had made payments to claimant pursuant to "Option 1."* The employer did not file a notice of controversy, however, which it was required to do within 25 days of the Board's mailing of the notice of indexing if it intended to contest the claim (see Workers' Compensation Law § 25 [2] [b]). The foregoing actions of the employer provide substantial evidence to support the Board's determination that the employer waived the statute of limitations defense by making payments of compensation to claimant with an acknowledgment of liability (see Matter of Henness v Price Chopper/Golub Corp., 2 AD3d 1177, 1178 [2003]; compare Matter of Zucker v Port Auth. of N.Y. & N.J., 57 AD3d 1249, 1250 [2008]).

Mercure, Spain and Stein, JJ., concur; Cardona, P.J., not taking part. Ordered that the decision is affirmed, without costs.

 ---

* The employer's payment options are found on a form entitled "Election of Rate of Charge Against Annual and/or Sick Leave Balances for Absence Due to Injury Sustained in the Performance of Official Duties." The employer reported on the C-11 form that, for the period of lost time between June 20, 2008 to September 16, 2008, claimant had elected to receive payments under "Option 1." Pursuant to that option, claimant received full pay for her lost time, and her absence was initially charged against her sick leave credit. The "number of working days represented by the [w]orkers' [c]ompensation payments" were then credited back to claimant's sick leave. Beginning September 17, 2008, claimant selected "Option 2," pursuant to which she received reduced pay in the form of workers' compensation benefits, but her absence was not charged against her sick leave credits. Under either option, the payments were made with an initial recognition that the lost time was due to a compensable work-related injury (see Matter of Robinson v New York City Dept. of Social Servs., 266 AD2d 613, 613-614 [1999]; compare Matter of Schultz v Voltro Distribs., 92 AD2d 990, 990 [1983] [Because the employee automatically received full pay, regardless of the cause of the illness or injury, the remuneration was not made with a recognition of liability by the employer]).