Rose, J.
Appeal from a decision of the Workers’ Compensation Board, filed January 30, 2014, which ruled that the claim for claimant’s neck injury was barred by Workers’ Compensation Law § 28.
On January 25, 2010, while performing maintenance duties at his job at a church, claimant fell from a ladder and injured his back, left hip, left leg and ankle. He filed a claim for workers’ compensation benefits and his case was established for work-related injuries to his left leg and back. Claimant underwent extensive medical treatment for these injuries, including, among other things, surgery to set a fractured femur and additional procedures to alleviate chronic pain related to a fractured lumbar vertebrae. Following one of these procedures, the physician who performed it recommended that claimant have an MRI of his cervical spine because he was complaining that forward flexion of his neck caused pain in his lower back. The MRI was conducted on March 1, 2012 and revealed some disc bulges and herniations in claimant’s cervical spine. Claimant’s treating orthopedist first mentioned claimant’s cervical disc problems in his March 9, 2012 medical notes, suggesting that they may be the cause of his lower back pain, and recommended surgery. Thereafter, he filed a request for authorization for surgery that was denied following the issuance of a report by another orthopedist who reached a different conclusion after conducting an independent medical examination of claimant. The matter was then referred for a hearing, held on March 7, 2013, after which a Workers’ Compensation Law Judge issued a reserved decision concluding, among other things, that the claim for a causally-related neck injury was barred by Workers’ Compensation Law § 28. The Workers’ Compensation Board affirmed this decision and claimant now appeals.
Workers’ Compensation Law § 28 provides that a claim for workers’ compensation benefits is untimely unless it is filed within two years of the date of the accident. Notably, whether a claim has been timely filed in accordance with Workers’ *1362 Compensation Law § 28 is a factual issue for the Board and its decision will not be disturbed if supported by substantial evidence (see Matter of Kwadzogah v New York City Health & Hosp. Corp., 81 AD3d 1213, 1213 [2011]; Matter of Hernandez v Guardian Purch. Corp., 50 AD3d 1258, 1259 [2008]). Under Workers’ Compensation Law § 28, the claim for claimant’s neck injury was clearly untimely as it was first raised in March 2012, when claimant had an MRI of his cervical spine and was seen by his treating orthopedist who recommended surgery, more than two years after claimant’s January 2010 work-related accident.
Although claimant maintains that the carrier’s payment of medical expenses that included a CT scan of his cervical spine in January 2010 immediately after the accident constituted an advance payment of compensation, we find this argument to be unpersuasive. When claimant was taken to the hospital immediately following his fall, a number of diagnostic tests were performed to assess the severity of his many injuries, including a CT scan of the head. These tests disclosed that his primary injuries were a fractured femur and lumbar disc, and they did not reveal any abnormalities in his cervical spine. Significantly, the course of claimant’s continuing medical treatment during the ensuing two years focused on these injuries, not on any problems with claimant’s neck. Under these circumstances, it cannot be inferred that the carrier’s payment of medical expenses related to the CT scan constituted an acknowledgment of liability for injuries to claimant’s neck (see Matter of Schley v North State Supply, 309 AD2d 1092, 1094 n 1 [2003]; compare Matter of Henness v Price Chopper/Golub Corp., 2 AD3d 1177, 1178-1179 [2003]). Claimant’s reliance on Matter of Homan v Gotham Bldg. Maintenance Corp. (119 AD2d 965 [1986]) does not compel a contrary result as that case is factually distinguishable from this one. Accordingly, inasmuch as substantial evidence supports the Board’s decision that the claim for claimant’s neck injury is barred by Workers’ Compensation Law § 28, we find no reason to disturb it.
Garry, J.R, Lynch, Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.