■ In the Matter of the Claim of LOUIS ALMEIDA, Respondent, v. AL CRISTINA ROOFING CORP. et al., Appellants, and NICHOLASON & GALLOWAY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. P. The issue on this appeal is whether the claim was timely filed — within two years of the date of the accident — pursuant to section 28 of the Workmen's Compensation Law. It is not contended that a written notice of claim (C-3) was filed within two years. There is no great variance as to the pertinent facts. The claimant was injured on February 18, 1959 and reported the incident to his foreman. He was treated by a physician on February 20, 1959 who thereafter filed a preliminary report with the chairman of the board and the insurance carrier. The employer filed a notice of controversy, dated March 10, 1959, stating that notice of accident was not given as required and that the accident did not occur. Such items of controversy, set forth in the notice, as " Claim was not timely filed "; " Jurisdiction "; and " Other reasons for contesting claim " were not checked as controverted. At the first hearing, May 28, 1959, the claimant was not personally present, " because of his being in and out of the hospitals ", but was represented by an attorney

and the carrier's representative raised the issue of accident, notice and causal relationship. There were further adjourned hearings and in September, 1959 the case was closed without prejudice. At a hearing on January 30, 1961 (within two years) the claimant was present when the Referee requested the board to reopen the February 18, 1959 claim and to place the State Insurance Fund on notice. When the case was reopened in 1962, the carrier asserted its rights under section 28. Section 28 provides that the failure to file a claim for compensation within two years shall be a bar if objection is raised at the first hearing on such claim at which all parties are present, unless there has been an advance payment by way of medical care. The board found the fact that the claim was not reopened until April 25, 1962 after being closed without prejudice was purely administerial and that it was timely filed. The notice requirements of section 18 and the claim requirements of section 28 of the statute are essentially designed to give notice to all parties and to the board and to prevent the filing of stale claims. The record shows that when the board received the attending physician's report and the notice of controversy, it assigned a number to the claim and that the carrier assigned its number to the claim. In such a circumstance, the board's determination that a claim was timely filed was a factual determination and there was substantial evidence to sustain its finding. (See *Matter of Daniels* v. *Costick & Son,* 4 A D 2d 896; *Matter of Stengel* v. *Great Atlantic & Pacific Tea Co.,* 14 A D 2d 949, 950; *Matter of Whitsell* v. *Academy Auto Sales,* 16 A D 2d 846.) Decision affirmed, with costs to the Workmen's Compensation Board. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.