■ In the Matter of the Claim of Lucille Gordon, Respondent, v Albright Building & Maintenance Co., Inc., et al., Appellants. Workmen's Compensation Board, Respondent.—Appeal from an amended decision of the Workmen's Compensation Board, filed June 15, 1977, which held that there was compliance with the filing requirements of section 28 of the Workmen's Compensation Law. While performing her duties on a night shift on January 22, 1970, claimant, a cleaning woman, was injured when she tripped over a mop in an alleged attempt to prevent a robbery in her place of employment. Although she did not file her claim for benefits until more than three years later on April 29, 1973, the board nonetheless found that the filing requirements set forth in section 28 of the Workmen's Compensation Law had been satisfied and restored the case to the referee calendar for further appropriate action. On this appeal, the employer and insurance carrier contend that the board erred in finding that the claim had been timely filed, and we agree. During the two years immediately following the injury only an employer's report of injury was filed with the board, and it was stated therein that the injured employee had suffered no disability, had returned to work and had lost no time. Clearly, such a report did not make a claim and none could reasonably be inferred therefrom, and, accordingly, the proposed claim was time-barred pursuant to section 28 of the Workmen's Compensation Law (Matter of Gans v Active Equip. Supply, 27 AD2d 788). Our holding is unaffected by the fact that, on May 22, 1973, the carrier filed a notice that claimant's right to compensation was not controverted. Prior to the first hearing on the matter, the carrier filed a superseding notice, on September 4, 1973, wherein claimant's right to compensation was contested because, inter alia, the claim was not filed within the statutory period. Such being the case, under the express provisions of section 28 of the Workmen's Compensation Law, the ban of the statute was not waived by appellants. In conclusion, we would note that cases heavily relied upon by the board in seeking an affirmance of its decision are readily distinguishable and, therefore, unpersuasive. Contrary to the situation here, in Matter of Almeida v Cristina Roofing Corp. (23 AD2d 602, mot for lv to app den 15 NY2d 486), actual hearings were conducted by the board within two years of the injury and in Matter of Doca v Federal Stevedoring Co. (308 NY 44) the claimant therein received compensation payments and medical expenses from the employer's carrier during the two-year period. Decision reversed, and claim dismissed, without costs. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.

■ In the Matter of the Claim of Alex Weissman, Respondent, v Bowe, Walsh & Associates et al., Appellants. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed January 20, 1977. The claimant sustained an injury to his right eye and it is undisputed that the injury was compensable and resulted in a 100% loss of use of the eye without corrective devices. A schedule award for 100% loss of vision of the eye and for facial disfigurement was made by a referee. The appellants contend that the award was "premature" because they would submit further medical evidence and/or further testimony by the claimant as to whether or not he could wear a contact lens. Substantial evidence supports the finding of the board that the "claimant cannot wear contact lens" and the board's implicit rejection of the carrier's suggestion that there be further proceedings is not arbitrary and capricious. Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.