■ In the Matter of the Claim of PNINA FRIEDENZOHN, Respondent, v THREE STAR OFFSET PRINTING et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Yesawich Jr.,

J. Appeal from a decision of the Workers' Compensation Board, filed September 6, 1989, which ruled that the death of claimant's decedent was causally related to an accidental injury and awarded workers' compensation benefits.

Sraga Friedenzohn suffered a work-related injury on February 3, 1972 and died in Tel Aviv, Israel, on August 3, 1983. A C-64 medical report filed on claimant's behalf on January 16, 1988 was accompanied by a medical statement from the treating physician alleging that death was causally related to decedent's 1972 injury. A C-7 notice, filed May 15, 1987 by the employer controverting claimant's right to compensation, raised questions of causally related death, dependency and compliance with Workers' Compensation Law § 28. Following several hearings, attended by claimant's counsel but not by claimant, who resided in Tel Aviv, the Workers' Compensation Law Judge issued a decision which established the marital status and identity of claimant as the widow, held that the death was causally related and awarded her workers' compensation benefits. No finding was made with respect to Workers' Compensation Law § 28, which bars claims not made within two years from the date of death. In affirming, the Workers' Compensation Board found that the carrier neglected to timely raise the section 28 issue and hence it was waived. The employer has appealed; we affirm.

In pertinent part, Workers' Compensation Law § 28 provides that waiver of the timely filing requirement by the employer is deemed to have occurred "unless the objection to the failure to file the claim within two years is raised *on the first hearing on such claim at which all parties in interest are present*" (emphasis supplied). As this language is mandatory in character, the filing of a C-7 notice controverting claimant's right to compensation cannot take the place of an objection at the first hearing *(Matter of Gentner v Rice & Whaley,* 265 App Div 1020, 1021, *affd* 292 NY 522). The case of *Matter of Gordon v Albright Bldg. & Maintenance Co.* (62 AD2d 1106), relied upon by the employer, does not call for a different conclusion.

In addition to contending that the C-7 filing preserved the timeliness issue, the employer also urges that, even if the C-7 did not have that effect, it cannot be said that the employer failed to raise the issue on the first hearing on such claim at which all parties in interest were present simply because no such hearing has yet been held. It is the employer's view that it is of no moment that claimant was represented by counsel at each hearing for she was required to be present in person. In support of this contention, the employer finds solace in

Workers' Compensation Law § 18, a parallel provision, which declares that the employer must introduce the issue of the timeliness or sufficiency of a notice of injury or death for which compensation is sought at the first hearing "at which all parties in interest are present, or represented". Inasmuch as Workers' Compensation Law § 28 merely recites that the timeliness bar must be raised at the first hearing "at which all parties in interest are present", the employer reasons that a claimant is obligated to be personally present at the hearing. However, Workers' Compensation Law § 18 goes on to require testimony and thus the presence of the claimant or principal beneficiary *(see, Matter of Orientale v Marcus Associates.,* 51 AD2d 831, 832). Hence, the language of Workers' Compensation Law § 18 is not conclusive as to the requirements of Workers' Compensation Law § 28.

Furthermore, the Board could have construed the employer's voluntary litigation of the issues of causal relationship, marital status and identity of the widow without claimant herself being present as a waiver of any mandate that she be present *(see, Matter of Silver v Cohen & Son,* 30 AD2d 908, 909, *lv denied* 22 NY2d 645).

Casey, J. P., Weiss, Mercure and Harvey, JJ., concur. Ordered that the decision is affirmed, with costs to the Workers' Compensation Board.