■ In the Matter of the Claim of JOHN KANE, Appellant, v PPG INDUSTRIES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [715 NYS2d 771] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed August 26, 1999, which ruled that the employer's workers' compensation insurance carrier timely raised the Workers' Compensation Law § 28 defense.

Claimant allegedly sustained a neck injury in June 1994 while lifting a pane of glass during the course of his employment. He filed a claim for workers' compensation benefits in October 1996. Due to a claim notification error, the employer's workers' compensation insurance carrier, Twin City Fire In-

surance Company, was not represented at the ensuing hearings which resulted in two decisions of a Workers' Compensation Law Judge (hereinafter WCLJ) establishing accident, notice and causal relationship for claimant's injury. When Twin City subsequently received notification of the claim, however, it disputed coverage and requested review of the WCLJ's decisions by the Workers' Compensation Board.

Thereafter, the WCLJ's findings with regard to the carrier on risk and the awards to claimant were rescinded and the matter was restored to the trial calendar to determine the proper carrier. At the ensuing hearing on January 27, 1998, Twin City appeared and raised the defense that claimant's application for benefits was untimely pursuant to the two-year limitations period set forth in Workers' Compensation Law § 28. The Board ruled that this defense was timely raised and claimant now appeals.

Claimant contends that Twin City waived the defense of Workers' Compensation Law § 28 by failing to raise the timeliness issue in its request for Board review of the WCLJ's decisions. We are not persuaded. The defense of Workers' Compensation Law § 28 is properly preserved so long as it is raised during "the first hearing * * * at which all parties in interest are present" (Workers' Compensation Law § 28; see, Matter of Boshart v St. Francis Hosp., 226 AD2d 844; Matter of Friedenzohn v Three Star Offset Print., 176 AD2d 379, 380; Matter of Brozzo v St. Joe Mins. Corp., 175 AD2d 425, 426). Inasmuch as the identity of all of the proper parties was not established until the January 27, 1998 hearing when it was determined that Twin City was the proper carrier on risk, that hearing was the first hearing at which all parties in interest were present for purposes of Workers' Compensation Law § 28. Thus, we find no reason to disturb the Board's conclusion that the Workers' Compensation Law § 28 defense was timely raised.

Claimant's remaining contentions have been reviewed and rejected as lacking in merit.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.