In the Matter of the Claim of JACK O. BOOTH, Appellant, v D.V. GONZALEZ CONSTRUCTION, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [766 NYS2d 402] —Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed December 24, 2001, which, inter alia, ruled that claimant's application for workers' compensation benefits was barred by Workers' Compensation Law § 28.

Claimant was working as an electrician when he allegedly sustained a back injury in February 1986. He did not file a claim for workers' compensation benefits until February 1991.* In the decision under review, the Workers' Compensation Board concluded that the claim was untimely and dismissed it. Claimant appeals.

Workers' Compensation Law § 28 bars a claim that has been filed over two years after the date of the injury providing that the defense was raised during "the first hearing * * * at which all parties in interest are present" (Workers' Compensation Law § 28; see Matter of Kane v PPG Indus., 277 AD2d 696, 697 [2000]; Matter of Boshart v St. Francis Hosp., 226 AD2d 844, 844 [1996]). The first hearing on this claim—which was held in conjunction with a review of the claim arising out of claimant's December 1986 injury—took place in September 1991. Claimant asserts that the Special Funds Conservation Committee (hereinafter Special Funds) was a party in interest to the claim arising out of the February 1986 injury. Claimant maintains that because Special Funds was absent from the September 1991 hearing, reliance on the timeliness defense, which was raised by the State Insurance Fund at that hearing, is precluded. Claimant notes that Special Funds was present at the next hearing held on this matter in December 1991 and argues that this was the first hearing at which all interested parties were present. Because the defense was not raised at this hearing, claimant contends that it was waived.

We conclude, however, that Special Funds was not a "part[y] in interest" on this claim; hence, its absence from the first hearing and its presence at the second hearing are irrelevant to a determination of whether the two-year statute of limitations set forth in Workers' Compensation Law § 28 may be invoked to block this claim. Special Funds would have attained

---

* In December 1986, claimant incurred a second back injury, while working for a different employer, for which he was subsequently awarded workers' compensation benefits. The expert medical witnesses reported that a preexisting spinal condition contributed to claimant's disability; hence, the Special Funds Conservation Committee became potentially liable on the claim (see Workers' Compensation Law § 15 [8] [d]).

the status of a party in interest only if the carrier had filed a written claim for reimbursement from it on this claim (*see* Workers' Compensation Law § 15 [8] [d]; *see also Matter of Liss v Trans Auto Sys.,* 68 NY2d 15, 22 [1986]; *Matter of Mazzarella v Cutting,* 288 AD2d 784, 784 [2001]). Inasmuch as the carrier had not sought reimbursement from Special Funds as of the date of the hearings in question, Special Funds was not a party in interest and the timeliness defense was not precluded. The Board's decision dismissing the claim on this ground is, accordingly, affirmed.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.

