In the Matter of the Claim of MICHELE C. PETITT, Appellant, v EATON & VAN WINKLE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [772 NYS2d 626]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed August 1, 2002, which, inter alia, denied claimant's request for full Board review of a decision ruling that claimant's application for workers' compensation benefits was barred by Workers' Compensation Law § 28.

On March 4, 1993, claimant was injured in an accident caused by a malfunctioning elevator at the office building where she

worked. It is undisputed that claimant did not file a claim for workers' compensation benefits until January 4, 1999, almost six years after the date of her injury, at which time she averred that the accident had caused her to sustain injuries to her cervical spine, as well as psychological injuries. Finding that the claim was time-barred by Workers' Compensation Law § 28, which requires dismissal of a claim that has not been filed within two years after the accident (*see Matter of Booth v Gonzalez Constr.*, 309 AD2d 1095, 1095 [2003]), the Workers' Compensation Board dismissed the claim.

Claimant contends that the employer and the workers' compensation carrier waived the Workers' Compensation Law § 28 defense by (1) failing to timely raise the issue and (2) advancing payment of compensation to claimant in an acknowledgment of liability (*see Matter of Schneider v Dunkirk Ice Cream*, 301 AD2d 906 [2003]). The Board made a finding that the issue of the lateness of the filing of her claim was properly raised at the first hearing, held on April 3, 2000, at which all parties in interest were present (*see* Workers' Compensation Law § 28; *Matter of Booth v Gonzalez Constr., supra* at 1095). While the record does not contain a transcript of that hearing, claimant does not directly deny that the issue was raised at that stage. Transcripts of hearings held on June 23, 2000 and November 6, 2000 reflect that the Workers' Compensation Law § 28 defense was consistently raised on the record. Under these circumstances, we uphold the Board's determination that the defense was timely raised.

Next, claimant contends that the employer's payment of her salary on the day she took off from work following the accident constitutes an advance payment of compensation and thereby effectuates a waiver of the Workers' Compensation Law § 28 defense. The issue of whether a waiver occurs when advance compensation or wages are paid "is one of fact for board resolution" (*Matter of Opdyke v Automobile Club of N.Y.*, 92 AD2d 684, 686 [1983]). "Wages paid and credited to accumulated sick leave are not payments of compensation" (*Matter of Brock v Great A & P Tea Co.*, 84 AD2d 645, 646 [1981], *appeal dismissed* 56 NY2d 593 [1982] [citation omitted]; *see Matter of Schultz v Voltro Distribs.*, 92 AD2d 990, 990 [1983]). Here, the record reflects that the employer's payment of one day's wages was made in conformity with the employer's sick leave policy and without regard to the cause of injury. Moreover, the employer did not file an accident report related to the incident or pay for any related medical treatment. Accordingly, we find the Board's conclusion that the wages were not paid in recognition of li-

ability to be supported by substantial evidence (*see Matter of Schultz v Voltro Distribs., supra; Matter of Brock v Great A & P Tea Co., supra*).

Claimant's final contention—that the employer should be estopped from asserting the Workers' Compensation § 28 defense because it discouraged claimant from filing a workers' compensation claim—has been examined and found to be without merit.

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.