■ In the Matter of the Claim of JOHN P. DINNENY, Appellant, v PHOENICIA FIRE DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [787 NYS2d 166]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed July 3, 2003, which ruled that claimant did not sustain a causally related injury and denied his claim for workers' compensation benefits.

In February 1994, while working as a volunteer firefighter for the Phoenicia Fire District (hereinafter the employer), claimant fell on ice and was injured. Initially, the employer's self insurance carrier paid total disability payments under the Volunteer Firefighters' Benefit Law. However, at the request of the carrier, a review hearing was held in July 1996. Thereafter, by decision filed October 23, 1996, the Workers' Compensation Board determined that claimant was not disabled after November 8, 1994 and rescinded the original award.* Claimant's subsequent application for full Board review was denied. Claimant then filed a new claim asserting that he suffered from posttraumatic stress disorder (hereinafter PTSD) as a result of the 1994 injury. Following various hearings, the Board denied the claim by decision filed July 3, 2003, determining that although claimant suffered from PTSD, it was not causally related to the 1994 accident. Claimant appeals.

We affirm. Initially, we note that because claimant did not appeal the Board's October 23, 1996 or April 4, 1997 decisions denying him benefits after the 1994 accident, and inasmuch as an appeal from those orders at this juncture would be untimely, claimant's arguments with respect to those decisions are not properly before us (see Workers' Compensation Law § 23; *Matter of Saczawa v United Parcel Serv.*, 236 AD2d 656, 657 [1997]).

Turning to claimant's arguments with respect to the Board's July 3, 2003 decision, we conclude that it is supported by substantial evidence. To establish that his injury was causally related to his employment, claimant presented the testimony of his treating psychologist who opined that claimant's PTSD was causally related to his prior 1994 work-related accident. The employer and the carrier, however, presented medical testimony that claimant's PTSD resulted from an unrelated, violent attack on claimant by a neighbor in 1995. "As it is within the province of the Board to assess the weight to be given to this conflicting medical testimony, we conclude that its decision[ ] [is] supported

---

* While the October 23, 1996 decision was subsequently amended by decision dated April 4, 1997, the Board's conclusion remained unchanged.

by substantial evidence" (*Matter of Kramer v Ultra Blend Corp.*, 297 AD2d 890, 891 [2002], *lv denied* 99 NY2d 506 [2003] [citation omitted]). In addition, the record establishes the disparate levels of trauma involved in the two respective events, and contains undisputed medical evidence establishing that PTSD is rarely manifested more than six months after a traumatic event. Notably, when claimant's PTSD was first diagnosed approximately seven months after the neighbor's attack, nearly two years had passed since claimant's work-related slip and fall. Accordingly, the Board's determination is amply supported by the record as a whole and must be affirmed (*see Matter of Petitt v Eaton & Van Winkle*, 5 AD3d 822, 823-824 [2004]; *Matter of McCabe v Watertown Correctional Facility*, 301 AD2d 766, 767-768 [2003], *lv denied* 100 NY2d 501 [2003]).

We have considered claimant's remaining contentions and find they lack merit.

Cardona, P.J., Crew III and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.