■ In the Matter of the Claim of BRENDA L. ROBINSON, Appellant, v FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [972 NYS2d 108]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed December 1, 2011, which ruled that claimant's application for workers' compensation benefits was barred by Workers' Compensation Law § 28.

In June 2010, claimant filed an application for workers' compensation benefits based upon a workplace incident that occurred in March 2008. The self-insured employer submitted a form indicating that the claim was accepted, "without prejudice under [Workers' Compensation Law §] 21-a," and payment had not begun because claimant had not lost time from work beyond the waiting period. At the initial hearing, the employer controverted the claim based upon, among other things, Workers' Compensation Law § 28, which provides that the right to workers' compensation benefits shall be barred if the claim is not filed within two years after the claimant's workplace accident. Finding that the defense was not waived, the Workers' Compensation Board dismissed the claim as time-barred, prompting this appeal.

Claimant contends that the employer waived the defense of timeliness because it initially accepted the claim without raising the issue. Workers' Compensation Law § 28 provides that the employer "shall be deemed to have waived the bar of the statute unless the objection to the failure to file the claim within two years is raised on the first hearing on such claim at which all parties in interest are present." Inasmuch as the record reflects that the defense of untimeliness was raised at the first hearing at which all parties in interest were present, we find no reason to disturb the Board's determination (*see Matter of Neville v Magazine Distribs., Inc.*, 61 AD3d 1165, 1166 [2009], *lv denied* 12 NY3d 712 [2009]; *Matter of Petitt v Eaton & Van Winkle*, 5 AD3d 822, 823 [2004]; *Matter of Kane v PPG Indus.*, 277 AD2d 696, 697 [2000]).

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.